THOMAS GIBSON, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1. The act of the Legislature of A. D. 1877, chapter 3010, entitled "an act to amend section 3, chapter 1628, Laws of Florida, relating to jurors, and repeal chapter 2043, Laws of Florida, approved February 20, 1875," not only amends and repeals the particular sections specified, but makes further provisions upon matters properly connected with the subject of the acts affected by the amendment and repeal; *Held*, That the subject of the act being expressed in the title of the amending act, the Legislature was not restricted by the constitution to the mere amendment or repeal so expressed, and it was competent to include in the act other provisions of law upon the same subject and properly connected therewith.

2. An act providing that juries, to be empaneled for the trial of causes, civil or criminal, should be composed of six men, is authorized by the constitution as amended in 1875.

Writ of error to the Circuit Court for Jefferson county.

The plaintiff in error was convicted of larceny at the regular spring term of the Circuit Court for Jefferson county, held in March, 1877. Afterwards he entered a motion in arrest of judgment upon the grounds:

1st. That "the court erred in not allowing the jury to stand as drawn in January."

2d. " The law declaring null and void the drawn venire of such jury is unconstitututional."

3d. "The record does not disclose that the prisoner was tried by a jury of six, taken from a regular panel of eighteen, as required by law ;" and,

4th. " That the grand jury by which he was indicted was illegal."

The court overruled the motion, and the prisoner excepted to the ruling.

Section 3 of Chapter 1628 of the Laws of Florida, entitled " an act relating to jurors," approved August 1, 1868, was prior to the passage of Chapter 3010, in 1877, as follows :

" The board of county commissioners, at a meeting to be held the first week in September for the year 1868, and at a meeting to be held the first week in January of each year thereafter, shall select from the list of registered voters in their respective counties, and make out a list of three hundred persons properly qualified to serve as jurors, who shall be such persons only as they know, or have good reasons to believe, are of approved integrity, fair character, sound judgment and intelligence, which list, certified and signed by the chairman of the board, shall be forthwith delivered to the clerk, and by him recorded in the minutes ; *Provided,* That if in any of the counties in this State the county commissioners shall not be able to select the number required by this section, they shall be authorized to select a less number, and [the] highest possible; and in such case grand jurors shall not be exempt from serving on petit juries at the same time."

Chapter 2043, entitled " an act to amend section 5, chapter 1628, of Laws of Florida, reducing the number of grand and petit jurors," approved February 20, 1875, is as follows :

" That section 5, chapter 1628, Laws of the State of Florida, be so amended as to read as follows : On receiving such list, the clerk of the Circuit Court shall write the

names of the persons contained therein on separate lists of paper, and shall roll up or fold such pieces of paper so that the name written thereon shall not be visible, and shall deposit such pieces of paper in a box so constructed that it may be tightly closed, and at least thirty days before the sitting of any regular term of the circuit court at which a jury shall be required, the clerk of said court, in the presence of a sheriff or a deputy sheriff, and the county judge, or, in his absence, a justice of the peace of the county, shall proceed to draw from the box the names of not less than twelve nor more than fifteen persons to serve as grand jurors at such court; and in counties having over one thousand registered voters the names of twenty-four persons, and in counties containing less than one thousand registered voters the names of twelve persons, to serve as petit jurors at such court of the respective counties."

This act is repealed by Chapter 3010.

Section 5 of Chapter 1628 provided for drawing not less than eighteen nor more than twenty-three persons to serve as grand jurors, and thirty-six persons to serve as petit jurors.

Section 1 of Chapter 2046, approved February 20, 1875, entitled " an act in relation to jurors of the Circuit Courts," under which the judge ordered the grand and petit jurors to be summoned at the commencement of the term, as stated in the opinion, is as follows :

" That whenever, for any cause, no grand or petit jurors have been drawn and summoned in the manner provided by law for any regular terms of the circuit courts of this State, it shall be lawful for said courts, or the judges thereof, to order the clerks of said courts to issue special venires for a sufficient number of such jurors for said terms, to be directed to the sheriff or coroner of the county, and in case there be no sheriff or coroner in the county, then to an elisor, to be appointed for that purpose by the court or judge, commanding them to summon from by-standers, or the body of the county at large, the number of the qualified jurors so ordered."

Chapter 3010, approved February 17, 1877, is as follows :

An act to amend Section 3, Chapter 1628, Laws of Florida, relating to Jurors, and repeal Chapter 2043, Laws of Florida, approved February 20, 1875.

*The People of the State of Florida, represented in Senate and Assembly, do enact as follows :* SECTION 1. That Section 3 of Chapter 1,628, of the Laws of Florida, be amended so as to read as follows: The Board of county commissioners, at a meeting to be held the first week in February, 1877, or as soon thereafter as practicable, and at a meeting to be held the first week in January of each year thereafter, shall select from the list of registered voters in their respective counties and make out a list of three hundred persons, properly qualified, to serve as jurors, who shall be such persons only as they know, or have good reason to believe, are of approved integrity, fair character, sound judgment and intelligence; which list, certified and signed by the chairman of the board, shall be forthwith delivered to the clerk, and by him recorded in the minutes; *Provided*, That if in any of the counties in this State the county commissioners shall not be able to select the number required by this section, they shall be authorized to select a less number, such number to be the highest possible, and in such case the grand jurors shall not be exempt from serving as petit jurors at the same term; *Provided*, They have not formed or expressed an opinion; *And provided further*, That such service does not interfere with their duties as grand jurors.

SEC. 2. That selections of jurors made during January, 1877, are hereby declared to be null and void.

SEC. 3. That on receiving such list the Clerk of the Circuit Court shall write the names of the persons contained therein on separate pieces of paper, and shall roll up or fold such pieces of paper so that the name written thereon shall not be visible, and shall deposit such pieces of paper in a box so constructed that it may be tightly closed; and at least fifteen days before the sitting of any regular term of the Circuit Court at which a jury shall be required, the clerk of the court, in the presence of the sheriff or deputy sheriff, and the county judge, or in his absence a justice of the peace of the county, shall proceed to draw from the box the names of not less than fifteen, nor more than eighteen,

persons to serve as grand jurors at such court; and in counties containing less than one thousand registered voters, the names of twelves persons to serve as petit jurors, and in counties having over one thousand registered voters, the names of eighteen persons, to serve for the first week of the court, and in counties where the court is continued and held for more than one week, the judge shall order the names of eighteen persons to be drawn each week to serve as jurors for the succeeding week, as long as said court shall continue in session; *Provided*, The judge shall have the power to hold any juror over beyond the end of the week for which he was drawn, if such juror be engaged in the trial of a case in which no verdict has been rendered. No person shall be drawn to serve on a grand or petit jury more than once during the same year. That after January 1, 1878, the drawing of said jurors shall be publicly made in the court-house of each county, and the time and place of said drawing shall be advertised ten days before the day of said drawing by written notices, posted at three public places in said county, and the sheriff shall proclaim the meeting and its purposes at the door of said court-house on the day of drawing of said jurors, and all persons under prosecution for a crime shall be disqualified to serve on any jury, grand or petit, and no sheriff or his deputies, assessor of taxes, collector of revenue, county treasurer, county clerk, county judge, county commissioners, justices of the peace, or United States officials, shall be qualified to serve upon a grand or petit jury.

Sec. 4. That Chapter 2043, of the Laws of Florida, reducing the number of grand and petit jurors, approved February 20, 1875, be and the same is hereby repealed.

Sec. 5. From the approval of this act, every grand jury shall consist of not less than fifteen persons, and shall select its own foreman.

Sec. 6. From the approval of this act, twelve men shall constitute a jury to try all capital cases, and six men shall constitute a jury to try all other offences prosecuted by indictment, presentment, or information, and to try all civil causes within the jurisdiction of the circuit courts of this State.

Sec. 7. In capital cases the prisoner shall have twenty

peremptory challenges and the State five, and in other felonies, not capital, the prisoner shall have five peremptory challenges and the State two; and in misdemeanors the prisoner shall have three peremptory challenges and the State two. And when the nature of any case, civil or criminal, requires that a knowledge of reading, writing, and arithmetic, or either, is necessary to enable a juror to understand the evidence to be offered on the trial, it shall be a cause of challenge if he does not possess such qualification, to be determined by the judge presiding at the trial.

SEC. 8. All laws or parts of laws conflicting with the provisions of this act are hereby repealed.

Section 14 of Article IV. of the Constitution is as follows:

"Each law enacted in the Legislature shall embrace but one subject, and matter properly connected therewith, which subject shall be briefly expressed in the title, and no law shall be amended or revised by reference to its title only; but in such case, the act as revised, or section as amended, shall be re-enacted and published at length."

The other facts necessary to a full understanding of the case are stated in the opinion of the court.

*Wallace & Thompson* for Plaintiff in Error.

*The Attorney-General* for the State.

THE CHIEF JUSTICE delivered the opinion of the court.

The errors assigned are: 1st, that the court erred in not allowing the jury to stand as drawn in January and returned by the sheriff; 2d, in not deciding that the act of 1877, declaring the selection of jurors made during January, 1877, null and void, was unconstitutional; 3d, in not deciding that the grand jury by which the accused was indicted was illegal.

As to the first assignment, the record does not show that a jury had been drawn in January, or that a jury had been summoned by the sheriff previous to the term at which the

indictment was procured. There is an utter absence of any statement in the record from which these facts may be inferred. The motion in arrest of judgment was in part upon the ground that a jury had been drawn in January, and summoned; still the record does not show the fact by any direct or indirect statement. The record does show affirmatively that at the commencement of the term the judge directed grand and petit jurors to be summoned in the mode provided by law. (Chap. 2046, Laws of 1875.) The presumption is that the necessity existed, and that the law was complied with in that respect. There is no error apparent on this ground.

The second and third grounds of error present the question of the validity of the act of 1877, entitled " an act to amend Section 3, Chapter 1628, Laws of Florida, relating to jurors, and repeal Chapter 2043, Laws of Florida, approved February 20, 1875."

The act referred to in this title as Chapter 1628, (laws of 1868,) relates to jurors. The third section, which provided for the selection of lists of persons from which jurors were to be drawn, required the county commissioners to meet in January, annually, and make the selection. The amendment provides that the list should be made in February, 1877, and annually thereafter in January; and section two annuls any selection of jurors made in January last.

Section 3 of this act of 1877 provides a substitute for Chapter 2043, repealed, and directs the drawing and summoning of not less than fifteen or more than eighteen persons for grand jurors. The repealed act limited the number to be drawn for grand jurors to fifteen and not less than twelve. Chapter 2043.

The act of 1877 provides further, (Section 5,) " that every grand jury should consist of not less than fifteen persons;" and (Section 6) " that twelve men shall constitute a jury to try all capital cases, and six men shall constitute a jury to

try all other offences prosecuted by indictment, presentment or information, and to try all civil cases within the jurisdiction of the Circuit Courts of this State."

The record shows that eighteen persons were summoned to serve as grand jurors; and it further shows that the trial of the accused was by a jury of six persons. This presents the question made by the second and third grounds of error assigned.

It is urged in the first place, that the act of 1877, (Chap. 3010,) by its title, purports to be merely an amendment of Section 3 of Chapter 1628, relating to jurors, and to repeal Chapter 2043, and that under the Constitution of this State any provisions of the act of 1877, beyond the mere purpose expressed in its title, are void. The 14th Section of Article IV., of the Constitution, provides that "each law enacted in the Legislature shall embrace but *one subject* and matter properly connected therewith, which subject shall be briefly expressed in the title," &c.

This act of 1877 clearly, by its title, relates to the "subject" of jurors. Each of the acts affected by it relate to jurors.

The sections to which we have made reference in the act of 1877 refer to the "subject" of jurors, and there is but one subject embraced in their provisions within the terms of the Constitution. The act of 1868 is entitled "an act relating to jurors," and provides who shall be qualified to be jurors, how they may be drawn and selected, the officers designated to draw and select them, the summoning, empaneling, challenging, indictments, practice, and all the variety of matters pertaining to the *subject*. Every section of the act of 1877 refers to the subject of jurors and matters pertaining to juries, and there is no subject embraced in it which is not "matter properly connected therewith." If the language of the Constitution was that each act of the Legislature should be restricted to the accomplishment of

but one *purpose*, there would be more room for question. It might then be said that one purpose to amend one section or act could not be coupled with another purpose, to wit: to repeal another section of the same or another chapter, (though relating to the same subject) because two ends or purposes are sought to be accomplished by one act. But this is not the language or the intention of the Constitution. It would be extremely inconvenient if it were required that each amendment to the laws on the same subject should be incorporated in a separate act, and that several purposes could not be accomplished by one enactment relating to the same general subject.

The Constitution of Michigan contained a similar provision, as did that of Louisiana. The Supreme Court of Louisiana, speaking of the former practice of the Legislature, says: " The title of an act often afforded no clue to its contents. Important general principles were found placed in acts, private or local, in their operation ; provisions concerning matters of practice or judicial proceedings were sometimes included in the same statute with matters entirely foreign to them, the result of which was that on many important subjects the statute law had become almost unintelligible, as as they whose duty it has been to examine or act under it can well testify. To prevent any further accumulation of this chaotic mass was the object of the Constitutional provision under consideration." (Walker vs. Caldwell, 4 La. Ann. R., 298.) Nearly all the States having Constitutions of recent adoption have incorporated therein provisions in nearly identical language, and their courts agree as to the purpose of such provisions. They also agree that the provision refers to the subject-matter of the legislation, and not to a single purpose or end sought to be accomplished. Its purpose was to avoid the confusion incident to the evil which had grown out of " omnibus " legislation. The act in question avoids this evil.

We refer to the commentaries by Mr. Cooley in his Constitutional Limitations, and the authorities cited by him on pp. 141–150, as furnishing a proper interpretation of the provision.

The act of 1877, however unmechanical the title may be, relates to but "one subject and matter properly connected therewith," and this is "briefly expressed in the title." We therefore hold the act not to be in violation of the Constitution.

The only other question raised upon the assignment of errors is, that the section providing that a trial may be had by a jury of six persons is not constitutional. The provision in the bill of rights that "the right of trial by jury shall remain inviolate forever," taken by itself, refers to a jury, according to the common law, to be composed of twelve persons. The amendment to the Constitution, which was adopted in 1875, reads thus: "Grand and petit jurors shall be taken from the registered voters of the respective counties. The number of jurors for the *trial of causes* in any court may be fixed by law."

This amendment is a part of the same Constitution that secures the right of trial by jury, and by all known rules of construction qualifies and controls, without destroying or infringing, the right of trial by a jury. An examination of the legislation shows that the number of jurors has been regulated by law, and that six persons are made sufficient in many of the States under similar constitutional provisions or under statutes, and these regulations have been sustained by the courts.

The provision in our Constitution refers to the number of jurors "for the *trial* of causes," and not merely to the number of persons from whom a jury is drawn. Any other construction would be meaningless. No other object is accomplished by it. Under it a jury composed of six persons is a constitutional jury.

As to the matter raised upon the argument, that the record did not show that the grand jury had been sworn, no question was raised before the Circuit Court upon it, and it was agreed upon this argument that there was an indictment regularly presented by the grand jury. This includes the fact that the jury were sworn, and it is not good practice to spring questions of this character upon the argument in this court, because if it were regularly raised the State would be apprised of the point and have opportunity to supply anything omitted by the clerk in certifying the record.

This matter is covered by the principle decided by this court in Collins vs. The State, 13 Fla., 657–669, and the authorities there cited.

The judgment is affirmed.