The State of Florida, ex rel., G. W. Gonzalez, Plaintiff, vs. Manuel Palmes, Collector of Revenue for Escambia County, Respondent.

1. One statute will not be held to repeal a former one unless there is a positive repugnancy between the two, or the latter was clearly intended to prescribe the only rule which should govern the case provided for, or it revises the subject matter of the former, or expressly repeals it.

2. Where, at one session of the Legislature, an act is passed which, by one of its sections imposes a license tax on a number of occupations, and another act is passed imposing a similar tax on another occupation, and at a subsequent session of the Legislature an act which is in effect a revision of the first of the former acts is passed, and one of its sections takes the place of the section of the first act imposing such occupational taxes, and continues the

tax as it existed on some of these occupations, and removes it from others by omitting to mention them, and taxes certain other occupations that were previously not taxed, but says nothing as to the second of the two former acts, nor as to the occupation taxed by it, yet expressly repeals the first of said acts, the second act is not repealed.

3. The act entitled "An Act to fix the license tax of stevedores," approved March 7, 1881, was not repealed by the act of 1883, entitled "An Act for the assessment and collection of revenue," revising and expressly repealing the general revenue law of 1881.

4. The Legislature may make the title of an act as restrictive as it pleases, and the courts cannot enlarge its scope, and any matter of legislation not properly connected with that particular feature of a subject to which the title may be restrictive, will be of no effect.

5. Provisions for the examination of persons as to their qualification to perform the duties of stevedores are not matter properly connected with the subject expressed in the title: "An Act to fix the license tax of stevedores."

6. The fact that an act is broader than the subject of its title and matter properly connected therewith does not of itself render the old act void. The above act as to the stevedores' license tax is valid as a revenue law, but of no effect in so far as it relates to an examination of persons as to their qualifications for stevedores.

This is a case of original jurisdiction.

The facts of the case are stated in the opinion.

*Mallory & Maxwell* for Relator.

*Blount & Blount* for Respondent.

MR. JUSTICE RANEY delivered the opinion of the court:

This is a case of mandamus, and the facts are as follows: In August last the relator applied to the Board of Pilot Commissioners of the port of Pensacola to be examined in accordance with Chapter 3221, entitled "An Act to fix the

license tax of stevedores," approved March 7, 1881, as to his qualifications to be a stevedore for such port, and was examined and reported on favorably by the examining board, and on October 19 received from the Pilot Commissioners a certificate of competency as a contracting stevedore for such port and a permit for a license as such.

The above statute provides that from and after its passage all persons engaged in the business of contracting stevedores shall be required to pay to the State a license tax of ten dollars per annum; such license to be obtained in the same manner, and issued by the same officers, as other revenue licenses in this State; and counties and cities in which the business is carried on, being authorized to impose a similar tax of not more than five dollars. After these provisions there is the following proviso: "*Provided,* That the person applying for such license has been examined as to his qualifications as a contracting stevedore, and reported on favorably by an examining board of three experienced stevedores appointed to so examine said applicant by the Board of Pilot Commissioners of the port at which he is to serve, and has received a certificate of competency and a license as a stevedore from such board, for which said board shall be authorized to require the payment of a fee of ten dollars." Section 2 punishes as guilty of a misdemeanor any one doing business as a contracting stevedore without having procured a State or county license; and section three repeals all laws and parts of laws inconsistent with this statute.

The defendant, as Collector of Revenue of Escambia county, has in his possession the State and county license duly signed by the County Judge under the Constitution and laws of this State, and the relator has tendered the license tax therefor, and the defendant has declined to deliver it because the Circuit Judge of the First Circuit, in

which Escambia county, and the port of Pensacola, are located, has, in a cause involving the same question, and in which this defendant was also defendant, decided that there is no law in this State requiring stevedores to pay a license tax.

Wherever two statutes, passed at different sessions of the Legislature, are so repugnant to each other that they can not stand together, the latter will be held to repeal the former. This repugnancy, however, must be clear and positive, for repeals by implication are not favored. Potter's Dwarris, 22, 154, *et seq.*, and notes; Cooley's Const. Lim., (5th Ed.) 183. Again, it is a rule that statutes should be construed according to what appears to be the intention of the Legislature, and even though two statutes relating to the same subject be not in terms repugnant or inconsistent, yet if the later statute was clearly intended to prescribe the only rule which should govern the case provided for, it will be construed as repealing the original act. Sacramento City vs. Bird, 15 Cal., 294. Where, moreover, one statute revises the subject matter of another, it works a repeal of the latter without express words of repeal. Lewis vs. Stout, 22 Wis., 234; Stirman vs. State, 21 Texas, 734.

It is contended on behalf of the defendant that the act of 1881, referred to above, was repealed by the general revenue law of 1885, " An act for the assessment and collection of revenue." Section eleven of the latter act provides that " no person shall engage in or manage the business, profession or occupation mentioned in this section unless a State license shall have been procured from the Collector of Revenue, which license shall be issued to each person on receipt of the amount hereinafter provided, together with the Clerk's fee for each license of twenty-five cents, and shall be signed by the Collector of Revenue and the Clerk

of the Circuit Court." Then comes the following provision, viz: "Counties, incorporated cities and towns may impose such further taxes of the same kind upon the same subjects, as they may deem proper when the business, profession or occupation shall be engaged in or managed within such county, city or town ; *but they shall not impose any such tax on any business, profession or occupation not mentioned in this section ;* nor shall the tax imposed by such city, town or county exceed fifty *per cent.* of the State tax."

This general revenue act ot 1883 is, in fact, (though not declared in its title to be so, in the manner provided by section 16, of Article 3, of our Constitution,) a revision of the general revenue act of 1881, approved two days before the stevedore act in question ; which act of 1881 is a similar revision of the general revenue act of 1879, as that of 1879 is of that of 1874, and the language quoted above from the act of 1883 appears in section eleven of each of these acts, except that of 1874, whose language is substantially the same, with the exception of the words we have italicised. The title of each of these general revenue acts is the same, and to each is a repealing clause expressly repealing the preceding act, of which it is a revision, with certain savings as to prior assessments and actions had or done under the statute repealed. There is in the act of 1883 no express repeal of the stevedore law.

There is nothing repugnant to the stevedore statute of 1881 in the general revenue act of 1883. If there is any repeal it must be found in one of the other rules stated.

Considered as a means of raising revenue it is clear that the tax provisions of the stevedore act might have been included in the general revenue act of 1881. Whether the omission of the former from the latter was *casus omissus*

and hence the latter was enacted in its separate form, or such omission was intentional in view of the pendency of the former at the time that the latter was under consideration, we have not thought it necessary to inquire, as we fail to perceive how the point can affect our conclusion. It may be remarked that there is a difference in the penalty affixed to a violation of the former and that generally prescribed by the latter for a violation of its provisions, the one being fine in double the sum of the license tax, and the other a fine in not less than double the sum of any tax required by it.

It is the eleventh section of each of the several revenue acts that designates what occupations are to be licensed and prescribes the amount of the tax. This section in the act of 1883 takes the place of the eleventh section of the general revenue act of 1881. The effect of this section of the act of 1883 is as follows: Keepers of billiard and pool tables, bowling alleys, skating rinks and shooting galleries, and land agents, also auctioneers of land or other property, with a slight change in a penalty ; banks, other than savings banks; vendors of pistols, dirks or bowie knives ; steamboats engaged in business entirely within this State ; and brokers and insurance companies and insurance agents, sewing machine agents, omitting a definition ; drummers and circuses ; hawkers and foot peddlers, and peddlers with horse cart or carriage are taxed as they were under the act of 1881. Keepers of hotels and boarding houses, public eating saloons and restaurants, dealers in spirituous, vinous or malt liquors ; keepers of livery, sale or feed stables; theatrical shows or minstrel troupes and variety shows ; owners and managers of each boat used for peddling ; savings banks and express companies also continue to be taxable, with some change in the amount of the tax and other

alterations from the law of 1881. Lawyers, doctors and dentists, druggists and photographers, daguerrean and ambrotype artists, butchers, merchants and storekeepers, and millinery establishments owned and managed by ladies are omitted from the act of 1883, and thus relieved from occupational taxes; while the business of manufac-turing tobacco and cigars and that of dealing in manufac-tured tobacco and cigars are the only occupations made taxable by the act of 1883 that were not taxed by the act of 1881.

We see, then, that the Legislature, in its revision of section eleven of the act of 1881, has merely omitted certain occupations which the former section included, and made certain changes in the provisions as to other occupations, and has continued unchanged its provisions as to still others, while it has imposed a tax upon but two occupa-tions that were not taxable under the original section. It cannot be presumed that the Legislature was not cognizant of the stevedore act; on the other hand we must assume that it was fully aware of it. We fail to see anything in the fact that the Legislature has thus revised a section of a statute imposing taxes, retaining part of it as to special subjects, changing part as to other special subjects, and in-serting some entirely new matter as to two other special subjects, without saying anything as to another special subject taxed by another statute, that evinces an intention to affect in any way the latter statute.

The fact that there is in a subsequent section of the act of 1883 an express repeal of the general revenue law of 1881, and no mention made therein of the stevedore law, also supports the view that the Legislature did not intend to disturb the stevedore act. The general revenue law of 1883, though a revision of the general revenue act of 1881, is not so as to the stevedore law. The declaration in the

act of 1883 of the language italicised is, of itself, indicative of no change or intent to change even the revenue law of 1881 ; its prohibitive effect is controlled by the subsequent provisions of the same section declaring what occupation or business should be taxable, and, considered of itself, it has stood unchanged upon the statute book, as shown above, for a number of years. Neither the imposition of a tax on two or more occupations not before taxable, nor the removal of a tax from other occupations which previously were taxable, is to our minds evidence of an intent to remove a tax imposed by a third statute, on an occupation not mentioned in the first or second statutes. The revenue act of 1883 does not prescribe any rule which is to cover the case of a license tax on stevedores ; nor is it a revision or repeal of the stevedore law. If the Legislature did not desire to remove the stevedore tax, or, in other words, if it desired that it should remain as it was, no action was necessary, and silence as to it must, we think, be taken to indicate, under the circumstances, the intention that it should not be affected.

Section 11 of the act of 1883 is, in effect, nothing more or less than would be an amendment of the section of the revenue act of 1881, in the form prescribed by the Constitution for express amendments. If the change had been made in the latter manner, could it be said that any intent was shown to abrogate the tax on stevedores ? In either case the parts of section 11 of the act of 1881, contained in that of 1883, continue to be law as before, and neither the dropping nor the adoption of one or more occupations as subjects of taxation, is indicative of an intent to relieve from taxation another occupation or subject not mentioned in the section amended or revised, but taxed by a special and independent statute.

II. Another point urged upon us is, that the stevedore

law is unconstitutional as an entirety on account of the conflict with section 16 of Article 3 of the Constitution, which provides that " each law enacted by the Legislature shall embrace but one subject, and matter connected therewith." This statute, it is contended, embraces two distinct and independent subjects, viz: fixing a license tax on the occupation of a contracting stevedore, and prescribing the means of ascertaining the qualifications of persons for the business of a contracting stevedore.

It seems to us that the general subject of stevedores would cover all the provisions of this act, and that the act would be entirely good if the above mentioned section of the Constitution contained no other provision than that embraced in the language quoted ; still the view we take of the case renders it unnecessary for us to say anything more on this point.

It is objected that the provisions for ascertaining the qualifications of a person to be a stevedore are not within the subject matter of the act as expressed in the title. The section of the Constitution just mentioned also provides that " subject." of the act " shall be briefly expressed in the title."

The generality of a title, says Judge Cooley, is not an objection to it under this constitutional provision, so long as it is not made a cover to legislation incongruous in itself, and which, by no fair intendment can be considered as having a necessary or proper connection. The conflict between the statute and Constitution should be palpable, before the judiciary should disregard a legislative enactment on the ground that its subject is not expressed in the title ; and where one general subject or object is expressed in the title the means and instrumentalities for effecting such subject or object are matters properly connected therewith, and may be embraced in the act. Montclair vs. Ramsdell, 107

U. S., 147.   When the title clearly and distinctly expresses the whole object of the Legislature in the enactment, and there is nothing in the body of the act which is not germane to what is there expressed, the act sufficiently complies with the requirement of the Constitution, although some provisions of the act respecting details in the execution of the purpose of the Legislature may not be expressed in the title.   Carter County vs. Sinton, 120 U. S., 516.   Of course one of the purposes of this provision was to prevent surprise or fraud upon the Legislature by means of provisions in bills of which the title gave no notice, and which might, therefore, be overlooked, and carelessly and unintentionally adopted.   Cooley's Const. Lim., 178.

When the title is general the Legislature must be considered as put upon notice as to anything in the bill germane to the subject expressed.   The Legislature may, however, make titles as restrictive as it pleases, and where one is so framed as to indicate that certain matters naturally connected with or germane to the subject, generally considered, are not to be treated of in the bill, it is misleading as to any legislation on such matters.   In Alleghany County Home's Case, 77 Penn. St., 77, it is held to be only necessary that the title should fairly give notice of the subject of the act so as to reasonably lead to an inquiry into its body, but that it should not mislead or tend to avert inquiry into the contents of the act.   Where the title is restrictive in its character, and confined to a special feature of a subject, its natural effect is to impress legislators who may hear it read with the belief that other features of the same general subject are to be excluded.   The courts cannot enlarge the scope of the title.   The Constitution has made the title the conclusive index to the legislative intent as to what shall have operation.   Cooley's Const. Lim., 179, 181.   In Carr vs. Thomas, 18 Fla., 736, where the title was "An

act providing for the acknowledgment of deeds and other conveyances of land," a provision in the body of the act that conveyances of land not recorded within six months after their execution should be void as against subsequent purchasers, was held inoperative.

The subject expressed in the title of the special statute before us is not the general subject of stevedores, nor even that of stevedores's licenses. Were it entitled an act in relation to stevedores, legislation upon the subject of licenses of any kind for stevedores would have been germane to the subject expressed in the title, and the same would be true had it been entitled an act in relation to licenses for stevedores. It has no such title, but the only subject expressed in its title is that of fixing the license tax of stevedores; not the license, but the license tax is the subject. The legislation it suggests is that imposing a tax on the occupation of a stevedore, and regulating the payment and collection of the same and affixing penalties for carrying on the business of a stevedore without having paid the tax and obtained a license as evidence of compliance with the law requiring such payment. The specially restrictive character of the title would naturally avert the attention of legislators from all other matters naturally germane to the general subject of stevedores, including the subject of the qualifications of persons to perform the functions or duties of a stevedore, or the obtaining of such a license as is evidence of these qualifications, for when we consider the title in connection with this kind of a license, the idea it suggests is the imposition of a tax on those who are ascertained to have such qualifications, and not the mode or means of ascertaining if they have them.

The title of this act, we think, misleading as to the provisions in its body looking to the ascertainment of the

qualifications of a person to be a stevedore, and these provisions are consequently void.

The fact that an act is broader than its title does not, however, render the whole act void. If, says Mr. Cooley, by striking from the act all that relates to the object not indicated by the title, that which is left is complete in itself, sensible, capable of being executed, and wholly independent of that which is rejected, it must be sustained as constitutional. Cooley's Const. Lim., 179. Applying this test it is clear to our minds that the other, or revenue parts of the act, are valid. In view of the prior legislation upon the subject of the examination of persons as to their qualifications to be stevedores, we are satisfied that the provisions of the act of 1881, not covered by the title, were, at most, intended only as an amendment by implication of such legislation, to the extent of requiring the examination to be made by a board of three stevedores, instead of permitting it to be made by the Pilot Commissioners themselves. It is clear, however, that the constitutional objections to these provisions do not affect the tax features of the act.

In view of the invalidity of such provisions, the repealing clause has no effect upon the prior legislation as to stevedores. Cooley's Const. Lim., 222. The allegations of the alternative writ show that the relator here has received from the Pilot Commissioners a certificate of competency as a contracting stevedore, and a permit for a license as such. Regarding the former legislation as effective, this is substantially an averment of a license from the Pilot Commissioners, regarding it on the other hand as repealed, the relator is still entitled to the revenue license; so, in either view, the motion for the peremptory writ to issue should be granted, and it will be so ordered.