EX PARTE ROBERT J. KNIGHT AND W. C. KNIGHT.

1. The writ of *habeas corpus* cannot be used to review a judgment of conviction, under which a prisoner is held, if the judgment is merely erronecus; but if the judgment is assailed on the ground that it is void because it is based on a charge made under an invalid provision of a statute, and the charge constitutes no offense under the laws of the State, the validity of the provision of the statute defining the offense may be determined cn habeas corpus.

2. The purpose and effect of the constitutional requirement that "each law enacted in the Legislature shall embrace but one subject and matter properly connected therewith, which subject shall be briefly expressed in the title," is to render inoperative any provisions contained in the body of an act that is nct fairly included in the subject expressed in the title, or that is not matter germane to or properly connected with that subject.

3. Under the constitutional provision as to the subject and title of a legislative act only such provisions can be validly incorporated in the body of an act as are fairly included in one subject and matter properly ccnnected therewith, which subject is the one expressed in the title of the act, and it may be as restrictive as the Legislature desires to make it.

4. Under the constitutional provision requiring the subject of a legislative act to be briefly expressed in the title, when the subject expressed in the title is restricted, only those provisions that are fairly included in such restricted subject and matter prcperly connected therewith can legally be incorporated in the body of the act, even though other provisions besides those contained in the act could have been included in one act having a single broader subject expressed in its title.

5. In determining whether provisions contained in a legislative act are embraced in one subject and matter properly connected therewith, the subject to be considered is the one expressed in the title of the act, and every fair intendment and reasonable doubt should be yielded in favor of the validity of the provision; but when an act contains provisions which, after yielding all fair intendments and reasonable doubts, are clearly not embraced in the subject of the act, as expressed in the title, or in matter properly connected with that subject, such provisions are inoperative and without effect.

6. Where the subject of a legislative act as expressed in the title is restricted and confined to enactments "to prevent the cutting or removing of any timber" from certain lands, a provision of the act designed to prevent "the gathering or removing any turpentine extracted from the pine timber so cut or boxed" on the lands is not fairly included within the restricted subject as expressed in the title and matter properly connected therewith, and such provision is inoperative and void.

7. Where a provision of an act on which a charge is made is inoperative and void a judgment of conviction on the charge is void, and persons held under such judgment will be discharged on *habeas corpus*.

This case was decided by the Court En Banc.

This is a case of original jurisdiction.

The facts in the case are stated in the opinion of the Court.

*R. McConathy* and *H. M. Hampton,* for Petitioners;

*W. H. Ellis,* Attorney General, and *E. W. Davis,* for the State.

WHITFIELD, J.: A petition for a writ of *habeas corpus* was presented to one of the Justices of this court, in which it is alleged, in substance, that the petitioners were convicted in the court of the County Judge of Citrus County, Florida, upon a charge that Robert J. Knight and W. C. Knight, not being the owners of certain described lands in Citrus County that had been sold for taxes and had not been redeemed, did "cause and procure divers persons * * * to enter said lands and gather and remove turpentine extracted from the pine timber standing and growing thereon;" that upon appeal in a trial *de novo* the petitioners were likewise convicted in the Circuit Court for Citrus County, and a judgment of conviction was entered against them imposing a fine of $250.00 each, or imprisonment for six months; that said last trial and judgment are final and the petitioners are being restrained of their liberty thereunder, without due process of law, in that the court was wholly without jurisdiction, since the charge under which they were convicted is not a crime under any valid law of this State. The writ of *habeas corpus* was issued by the Justice as prayed for, and made returnable before the Supreme Court.

It is claimed that the charge under which the convictions were held is not an offense under the laws of this State, because that portion of the act on which the charge is founded is invalid in that it is not embraced in the subject expressed in the title of the act, and is not matter properly connected therewith.

While the writ of *habeas corpus* cannot be used to review a judgment of conviction under which a prisoner is held if the judgment is merely erroneous; yet if the judgment is assailed on the ground that it is void because it is based on a charge made under an invalid provision of a

statute, and the charge constitutes no offense under the laws of the State, the validity of the provision of the statute defining the offense may be determined on *habeas corpus*. See Ex Parte Bowen, 25 Fla. 214, 6 South. Rep. 65; Ex Parte Hays, 25 Fla. 279, 6 South. Rep. 64; Bronk vs. State, 43 Fla. 461, 31 South. Rep. 248.

Section 16 of Article 3 of the Constitution ordains that "each law enacted in the Legislature shall embrace but one subject and matter properly connected therewith, which subject shall be briefly expressed in the title."

The purpose and effect of this constitutional requirement is to render inoperative any provision contained in the body of an act that is not fairly included in the subject expressed in the title, or that is not matter germane to or properly connected with that subject. Only such provisions can validly be incorporated in the body of an act as are fairly included in one subject and matter properly connected therewith. The subject is the one that is expressed in the title of the act; and such subject may be as restrictive as the Legislature desires to make it. When the subject expressed in the title is restricted, only those provisions that are fairly included in such restricted subject and matter properly connected therewith can legally be incorporated in the body of the act, even though other provisions besides those contained in the act could have been included in one act having a single broader subject expressed in its title. See State *ex rel.* Gonzales vs. Palmes, 23 Fla. 620, 3 South. Rep. 171; Holton vs. State, 28 Fla. 303, 9 South. Rep. 716; Webster vs. Powell, 36 Fla. 703, 18 South. Rep. 441; Wade vs. Atlantic Lumber Company, 51 Fla. 628, 41 South. Rep. 72; Groover vs. Trustees, 45 N. J. L. 339, Sec. 120 Lewis' Sutherland Statutory Construction.

In determining whether provisions contained in an act are embraced in one subject and matter properly connected

therewith, the subject to be considered is the one expressed in the title of the act, and every fair intendment and reasonable doubt should be yielded in favor of the validity of the legislative enactments. State *ex rel.* v. Bryan, 50 Fla. 293, 39 South. Rep. 929; but when an act contains provisions, which after yielding all fair intendments and reaonable doubts, are clearly not embraced in the subject of the act, as expressed in the title or in matter properly connected with that subject, such provisions are inoperative and without effect. See Carr v. Thomas, 18 Fla. 736; Wade v. Atlantic Lumber Company, *supra;* State ex rel. Gonzalez vs. Palmes, *supra.*

The charge upon which the petitioners were convicted was made under Chapter 4416, Acts of 1895, which is as follows:

"An ACT to Prevent the Cutting or Removing of any Timber from Lands Heretofore or that May Hereafter be Sold for Taxes.

Be it enacted by the Legislature of the State of Florida:

Section 1. If any person shall cut or cause or procure to be cut or aid, assist or be employed in cutting any cedar, juniper, cypress, oak, pine, palmetto or other timber standing, growing or being on any lands that have heretofore been sold or may hereafter be sold for taxes, before the lands are redeemed or a tax deed issued for the same; or if any person shall remove or cause or procure to be removed, or aid or assist, or be employed in removing from any of such lands any cedar, juniper, cypress, oak, pine, palmetto or other timber; or if any person shall cut or box or cause or procure to be cut or boxed, or aid, assist or be employed in cutting or boxing any pine timber on said lands for the purpose of extracting and gathering the turpentine therefrom, or shall gather or remove or cause to be gathered or

removed, or aid, assist or be employed in gathering or removing any turpentine extracted from the pine timber so cut or boxed; or if any person shall in any way by cutting, felling, girdling or otherwise destroy or injure any timber standing, growing or being upon said lands, he shall for every such offense be deemed and held to be guilty of a misdemeanor, and upon conviction thereof shall be punished by a fine of not more than five hundred dollars; *Provided, however,* This act shall not apply to the owner or owners of said lands at the time the lands' were sold for taxes."

This is a penal statute and should be strictly construed. Ex Parte Bailey, 39 Fla. 734, 23 South. Rep. 552; Sec. 521 Lewis' Sutherland Statutory Construction. The title is a part of the act and should be construed as such in determining the subject designed to be regulated by the act. See State ex rel. Attorney General v. Green, 36 Fla. 154, 18 South. Rep. 33.

This act in its body defines several distinct offenses and seeks by a prescribed penalty to prevent (1) the cutting of timber standing, growing or being on any lands sold for taxes before the lands are redeemed or a tax deed is issued for the same; (2) the removing from such lands of any timber; (3) the cutting or boxing of any pine timber on such lands for the purpose of extracting and gathering the turpentine therefrom; (4) the removing of any turpentine extracted from the pine timber so cut or boxed; (5) the destroying and injuring of any such timber.

The convictions in this case were had upon a charge that the petitioners did "cause and procure divers persons * * * to enter" certain lands "and gather and remove turpentine extracted from the pine timber standing and growing thereon." This charge is based upon the provision of the act set out above that "if any person * * *

shall　*　*　*　cause to be gathered or removed　*　*　*
any turpentine extracted from the pine timber so cut or
boxed," on certain lands, "he　*　*　*　shall be deemed
and held to be guilty of a misdemeanor," etc. The question
to be determined is whether or not the provision of Chap-
ter 4416, on which the charge was based, is included in
the subject expressed in the title of the act or matter prop-
erly connected therewith so as to validly define the offense.

The subject of the act here considered, as expressed in
the title, is restricted to enactments "to prevent the cutting
or removing of any timber" from certain lands, and any
provisions contained in the body of the act that are fairly
included in this restricted subject or matter properly con-
nected therewith, are valid and operative. But if any pro-
vision contained in the body of the act is not fairly in-
cluded in this restricted subject, to-wit: "To prevent the
cutting or removing of any timber," and is not matter
properly connected therewith, such provision is invalid
and inoperative. Penal provisions designed "to prevent
the cutting or removing of any timber" on certain lands
are included within the restricted subject of this act; but
a penal provision designed to prevent the "gathering or
removing any turpentine extracted from the pine timber
so cut or boxed" on the lands cannot be fairly included
within such subject and matter properly connected there-
with. See State v. Fields, 68 S. C. 148, 46 S. E. Rep. 771;
Harris v. State, 110 Ga. 887, 36 S. E. Rep. 232; State v.
Great Western Coffee & Tea Co., 171 Mo. 634, 71 S. W.
Rep. 1011; State v. Silver, 9 Nev. 227.

As the provision prescribing a penalty for "gathering
or removing any turpentine extracted from the pine tim-
ber" is not included in the restricted subject, to-wit: "to
prevent the cutting or removing of any timber" from cer-
tain lands, as expressed in the title, and is not matter prop-

erly connected with such subject, the provision is inoperative and of no effect.

The provisions of the act on which the charge was founded being invalid and the charge constituting no offense, the judgment of conviction based upon the charge is void and the persons held in custody under such judgment are entitled to be discharged.

The petitioners will be discharged from custody.

SHACKLEFORD, C. J., and TAYLOR, COCKRELL, HOCKER and PARKHILL, JJ., concur.