STATE OF FLORIDA, ex rel. L. S. CRUMP, et al., *Relators*, v. GEORGE J. SULLIVAN, as Chairman and member of the Board of County Commissioners of Leon County, et al., *Respondents*.

En Banc.

Opinion filed May 13, 1930.

*W. J. Oven, F. B. Winthrop, James Messer, Jr.,* and *Clyde W. Atkinson,* all of Tallahassee, for Relators.

*William Blount Myers,* of Tallahassee, for Respondent.

STRUM, J.—This is a proceeding in mandamus, a case of original jurisdiction, the purpose of which is to

determine whether candidates for the office of County Commissioner of Leon County are now to be nominated by the electors of the county at large or whether they are to be nominated by the electors of the several Commissioners Districts, each District nominating its own Commissioner by the votes of the electors of that District alone.

The matter comes up for hearing upon motion to quash the alternative writ which in effect commands the present County Commissioners of Leon County to prepare the ballots for the primary election of June 3, 1930, so that all candidates to be nominated for the office of County Commissioner in that county shall be balloted upon by the electors of the county at large.

It is not questioned in this litigation that under the Constitution, Art. VIII, Sec. 5, as amended in 1900, county commissioners must be ''elected'' by the electors of the county at large. This litigation concerns the method of nominating those who will become candidates for election in the general election.

The Legislature of 1913 enacted Chap. 6469, Laws of Florida, popularly known as the Bryan Primary Law. This law contained no specific provision with reference to whether candidates for county commissioner should be nominated by the county at large or by districts. By Sec. 63 of that law it was provided, however, that:

''The primary election required by this Act, except as herein otherwise provided, shall be held in accordance with the Provisions of Art. I of Title IV, first division, of the General Laws of Florida.'' (Regulating the holding of general elections.)

By Chap. 6874, Acts of 1915, Sec. 63 of the Bryan Primary Law just quoted was amended by adding thereto the following proviso:

"Provided, however, that County Commissioners and members of the Board of Public Instruction shall be nominated by the several districts of the county instead of by the county at large."

Sec. 63 of the Bryan Primary Law, as amended by the addition of the proviso just quoted, was brought forward into the Rev. Gen. Stats. 1920, as Sec. 362 thereof, and into the Comp. Gen. Laws, 1927, as Sec. 419 thereof, in which form it has since remained.

In 1927 the Legislature passed Chap. 13029, a special law, providing in effect that after the effective date of that law nominations for the office of county commissioner and for member of the Board of Public Instruction of Leon County, shall be made by the voters of the county at large, and not by districts as provided in Sec. 362 of the Rev. Gen. Stats. 1920. This Act, pursuant to the terms thereof, was submitted to and ratified by the voters of Leon County, and on April 21, 1930, the Governor, pursuant to the provisions of the Act, proclaimed it fully effective.

In 1929 the Legislature enacted Chap. 13761, Sec. 18 of which is:

"The primary elections required by this Act, except as herein otherwise provided, shall be held and conducted in accordance with the provisions of Article I, Chapter 1, of Title 4, First Division of Comp. Gen. Laws of Florida, 1927; provided, however, that County Commissioners and members of the Board of Public Instruction shall be nominated by the several districts of the county instead of by the county at large."

Sec. 19 of Chap. 13761 provides that all laws and parts of laws in conflict therewith are thereby repealed.

It will be noted that Sec. 18 of Chap. 13761, just above quoted, is a re-enactment verbatim of Sec. 362, R. G. S. 1920 (Sec. 419, Comp. Gen. Laws 1927), the history of which has been given. The Constitution, Art. III, Sec. 24, provides that "the Legislature shall establish a uniform system of county and municipal government, which shall be applicable, except in cases where local or special laws are provided by the Legislature that may be inconsistent therewith."

Unless, therefore, Sec. 18 of the Act of 1929 purporting to provide for the nomination of county commissioners by district, has the effect of repealing the antecedent local law relating to Leon County, then the latter law, directing their nomination by the county at large, prevails as it is inconsistent with Sec. 362, R. G. S. 1920; Sec. 419, Comp. Gen. Laws 1927.

Respondents contend that it was the clear intent of the Legislature, 1929, to repeal all existing special laws relating to the nomination of county commissioners by the county at large, including the Leon County law, so as to re-create a uniform method of nominating county commissioners in all counties by providing for their nomination by districts. Otherwise, so it is claimed by the respondents, there would have been no purpose in including Sec. 18 in the Act of 1929, as it is a mere re-enactment of the existing General Law on the subject, Sec. 362, R. G. S. 1920, Sec. 419, Comp. Gen. Laws 1927.

Relators challenge the validity of the proviso appearing as the last sentence of Sec. 18 of Chap. 13761, just above quoted, upon the ground that such proviso is not within the title of the Act, and therefore is in violation of Art. III, Sec. 16 of the Constitution which provides, amongst other things, that:

"Each law enacted in the Legislature shall embrace but one subject and matter properly connected therewith, which subject shall be briefly expressed in the title; * * *".

Relators contend that the proviso should therefore be eliminated, the result of which is that the special law of 1927 relating to Leon County remains operative as an exception to the provision of existing Section 362, Rev. Gen. Stats. 1920, Section 419, Comp. Gen. Laws 1927.

The contention is well founded.

One of the principal purposes of Article III, Section 16 of the Constitution is to avoid surprise and fraud in legislation as well as evils of "omnibus" or "log rolling" legislation, Gibson v. State, 16 Fla. 291; State v. Green, 36 Fla. 154, 18 So. R. 334; State v. Burns, 38 Fla. 367, 21 So. R. 290.

If serious doubt exists as to whether matter found in the bill is included in, or properly connected with, the subject expressed in the title, the courts resolve the matter in favor of the legislative determination thereof and sustain the validity of the questioned matter. County Commissioners v. Jacksonville, 36 Fla. 196, 18 So. R. 339; Ex parte Knight, 52 Fla. 144, 41 So. R. 786; Rushton v. State, 75 Fla. 422, 78 So. R. 345.

The title to an Act may be general, and mere generality alone is no objection, so long as it is not employed as a guise to cover incongruous legislation. State v. Palmes, 23 Fla. 620, 3 So. R. 171; In re: DeWoody, 94 Fla. 96, 113 So. R. 677; Whitney v. Hillsborough County, decided March 25, 1930, 99 Fla. 628, 127 So. R. 486.

On the other hand, the Legislature may make the title of a bill as restrictive as it may desire. Smith v. Chase, 109 So. R. 94. In the latter event the Legislature must limit

itself in the provisions of the bill to its own self-imposed restriction. State v. Green, 36 Fla. 154, 18 So. R. 334; State v. Bryan, 50 Fla. 293; 39 So. R. 929; Smith v. Chase, *supra.*

We recognize the principle that our constitutional provision relates to the "subject" of the Act and not necessarily to the "purpose" to be accomplished. The accomplishment of several "purposes" may be logically embraced in one "subject" so long as all of such purposes are germane to or properly connected with the expressed general subject. But as the Legislature may make the title to an Act as restrictive as it may desire, it is obvious that a title may sometimes be framed so as to preclude the incorporation in the bill of matters which, with entire propriety, might have been embraced in the same enactment with the matters indicated by the title, but which must be excluded because the title has been made unnecessarily restrictive. Cooley, Const. Lim. (7th Ed.), p. 212.

If the title of a statute be a restrictive one, carving out for consideration a part only of a general subject, matters not germane to or properly connected with that part of the general subject so singled out, as reasonably and fairly understood, cannot be validly incorporated in the Act. All provisions beyond such limits are invalid, even though such matters might have been incorporated in the Act under a broader title, because as to such unrelated matters the title is misleading. State v. Palmes, 23 Fla. 620, 3 So. R. 171; *Ex parte* Knight, 52 Fla. 144, 41 So. R. 786; State v. Burns, 38 Fla. 367, 21 So. R. 290; Smith v. Chase, 109 So. R. 94; State v. Love, 126 So. R. 374; Webster v. Powell, 36 Fla. 703, 18 So. R. 441; S. F. & W. Ry. v. Geiger, 21 Fla. 669, 58 Am. R. 697; Carr v. Thomas, 18 Fla. 736; Albritton v. State, 82 Fla. 20, 89 So. R. 360; West v. State, 50 Fla. 154, 39 So. R. 412.

The title of Chapter 13761, Acts of 1929, containing the proviso under attack, is:

"AN ACT Repealing Sections 370, 410, 412 of Compiled General Laws, 1927, being same as Sections 313, 353, 355 of Revised General Statutes, 1920, and Amending Sections 356, 359, 361, 386, 387, 400, 401, 405, 406, 407, 408, 409, 411 and 421, Compiled General Laws of Florida, 1927, being Sections 300, 303, 305, 329, 330, 343, 344, 348, 349, 350, 351, 352, 354 and 364, Revised General Statutes of Florida, 1920, Relating to Primary Elections Providing for a Second Primary Election, Abolishing Second Choice Voting, and Relating to the Qualification of Voters and the Registration of Voters, and other Matters in Connection Therewith."

It is urged for the respondents that the phrase appearing in the title "relating to Primary Elections" is broad enough to include the matter of the proviso, since that phrase reasonably gives notice that all matters "relating" to primary elections, of which the nomination of county commissioners is one, may be treated in the bill. That phrase, however, is not employed in the title for that purpose. As found in the context of this title, it is not used in the comprehensive sense in which the phrase is sometimes employed so as to permit incorporation into the Act of any matter germane to the subject generally.

The title under consideration is divided into two general phases. The first gives notice that the Act will repeal certain designated statutes, and will amend other designated statutes "relating to primary elections." The grammatical effect of the sentence, down to that point, is that it is an Act repealing certain enumerated statutes and amend-

ing other enumerated statutes, which statutes relate to primary elections. Then follows the second phase of the title, containing the additional information that the Act also provides for holding a second primary election, abolishing second choice voting, and relating to the qualification and registration of voters, "and other matters in connection therewith."

The title denotes no intention to deal with the subject of primary elections generally, but only with those aspects of the subject affected by the statutes enumerated in the title to be amended or repealed, and in the additional respects thereafter mentioned in the title. In other words, the title specifically singles out and designates those particular phases of the general subject of primary elections which will be affected by the Act. The matter of whether candidates for county commissioner shall be nominated by districts, or by the county at large, is neither germane to, nor properly connected with either phase of the title chosen for the bill. None of the statutes repealed, and none of the statutes amended by the Act, relate in the remotest degree to the matter of whether candidates for county commissioner shall be nominated by the county at large, or by districts. The latter aspect of the title, giving notice that the Act is one "providing for a second primary election, abolishing second choice voting," etc., when fairly construed in the light of existing primary laws, gives notice only that the existing plan of first and second choice voting in one primary is to be abolished and two primaries substituted therefor. This is made clearer by a consideration of the history of the enactment. Prior to the Bryan Primary Law of 1913 there were two primaries. By the Bryan Primary Law, the second primary was eliminated and a plan of first and second choice voting in one primary was substituted. One reading the title under considera-

tion in the light of the facts just stated would naturally reach the conclusion that the purpose of the Act of 1929 indicated by that portion of the title just quoted was merely to restore the two primary plan with reference to all candidates. There is in this second phase of the title no indication that in restoring the second primary generally there would be super-added a unique "proviso" with particular and exceptional reference only to the method of nominating county commissioners and members of the board of public instruction, treating nominations for these offices in a manner differing essentially from other offices.

So while it may be said that the "subject" of the Acts of 1929 is "primary elections," the title indicates that the subject will be dealt with, not generally, but only within a limited and restricted sphere, to which the proviso of Section 18 is foreign. Not being embraced within the title, the proviso is invalid.

This conclusion is rendered more imperative because the effect of the proviso, if valid, is not merely to initially impose a regulation upon the nomination of county commissioners, but it would also have the effect of repealing an existing local law on the subject not mentioned or referred to either in the title or in the body of the Act. We do not hold, of course, that the title of a repealing Act must in all cases contain a specific enumeration of all Acts to be repealed. This Court recognizes the doctrine of implied repeal in proper cases.

Respondents rely upon Gibson v. State, 16 Fla. 291, and Jacksonville v. Basnett, 20 Fla. 525, to sustain the sufficiency of this title to embrace the proviso under consideration. The additional matter enacted in the amendatory statutes considered in those cases was germane to the subject of the antecedent statutes which were to be repealed or amended, which subject was expressed generally and

without restriction, in the title of the amendatory statutes. Here, the matter dealt with in the proviso in question is wholly foreign to the subject of, and to the matters dealt with in, the statutes enumerated in this title to be amended or repealed, and is likewise foreign to that portion of the general subject of primary elections carved out by this title for treatment in the Act. This title limits the respects in which the general subject of primary elections will be dealt with in the amendatory Act, contrary to the situation presented by the title of the Acts involved in the two cases last above cited.

The general phrase appearing at the end of the title ''and other matters connected therewith'' cannot be employed to enlarge the language of the title which precedes it, and must therefore be laid out of consideration. The phrase expresses nothing, and amounts to nothing as a compliance with Article III, Section 16 of the Constitution. Nothing which the Act could not embrace without the phrase can be brought in by its aid. If such ''other matters'' are germane to or properly connected with the subject of the Act, no reference to them in the title is necessary. If they are not, then such a reference to them as ''other matters'' is unavailing. See State ex rel. Davis v. Love, 126 So. R. 374; Town of Fishkill v. Fishkill & Beekman Plank Row Co., 22 Barb. (N. Y.) 634; Johnson v. Spicer, 107 N. Y. 185; Ryerson v. Utley, 16 Mich. 269; St. Louis v. Tiefel, 42 Mo. 578; Cooley's Const. Lim. (7th Ed.), p. 206.

For the reason stated, the proviso appearing as the last sentence of Section 18 of Chapter 13761, Acts of 1929, is invalid. The antecedent local law, Chapter 13029, Acts of 1927, is the controlling statute in Leon county. The effect of the proviso hereinabove discussed as it was originally enacted in Chapter 6874, Acts of 1915, and as it now ex-

ists in Section 362, Rev. Gen. Stats. 1920, and Section 419, Comp. Gen. Laws 1927, is not involved in this litigation, and we therefore expressly reserve our opinion upon the validity of the provision as it appears in the statutes last enumerated.

The motion to quash the alternative writ is hereby overruled. Respondents are allowed five days in which to answer, and in default of an answer let the peremptory writ issue without further order.

TERRELL, C. J., AND WHITFIELD, ELLIS, BROWN AND BUFORD, J. J., concur.