STATE, *ex rel.* W. H. LYLE v. J. B. HOWELL, et al., Constituting Board of County Comn'rs Suwannee Co.

151 So. 299.

Division A.

Opinion Filed November 25, 1933.

*Sheppard & Clements, John F. Harrell* and *Waller & Pepper,* for Relator;

*Alfred T. Airth, Cary D. Landis,* Attorney General, *H. E. Carter* and *J. V. Keen,* Assistants, for Respondents.

BUFORD, J.—Honorable W. H. Lyle, as Sheriff of Suwannee County, Florida, is relator in this mandamus proceeding to coerce the Board of County Commissioners of Suwannee County to pay certain fees for services rendered by the sheriff in a criminal proceeding, bill for which was rendered on the 3rd day of July, 1933, under provisions of Section 4588, C. G. L., 1927.

The county commissioners declined to approve and pay the bill on account of the provisions of Chapter 15984, Acts of 1933, which originated as Senate Bill No. 105, Suwannee County having a population of 16,205.

The issues present as a sole question to be determined the validity of Chapter 15984, Acts of 1933.

The validity of the Act is challenged upon a number of grounds, but it is not necessary for us to discuss all matters complained of, nor is it necessary for us to determine the validity or non-validity of the Act upon more than one constitutional point presented.

Therefore, we shall confine ourselves to a discussion of the sufficiency of the title of the Act. If we take judicial cognizance of the records of the Legislature we find that Senate Bill No. 105 was introduced by Senator Hilburn, the title reading as follows:

"A Bill to be Entitled AN ACT RELATING TO AND FIXING THE FEES OF CLERKS OF CIRCUIT COURTS, SHERIFFS AND CONSTABLES IN THIS STATE, AND MAKING IT UNLAWFUL FOR SUCH OFFICERS TO CHARGE, COLLECT OR RECEIVE OTHER OR DIFFERENT AMOUNTS FOR THE SERVICES DESIG-

NATED: AND REPEALING ALL LAWS AND PARTS OF LAWS IN CONFLICT HEREWITH."

On second reading the bill was amended by adding Section 9, as follows: "This Act shall not apply to counties of a population less than 10,000 according to last State or Federal Census."

The bill passed the Senate with the title as stated.

On May 3rd the bill came up for consideration in the House of Representatives and the title was amended as follows: "At end of title strike out period and insert semicolon, and add the following, 'and excepting certain counties from the provisions of this Act.'"

The bill, as amended, was passed but as engrossed, as shown on page 1039 of the Journal of the House of Representatives, the amendments in title did not appear.

When the bill went back to the Senate, the Senate Journal shows the following entry:

"Tallahassee, Florida, June 1, 1933.

"Hon. T. G. Futch, President of the Senate.

"Sir: I am directed by the House of Representatives to inform the Senate that the House of Representatives has passed with amendments:

"By Senator Hulburn—

"Senate Bill No. 105:

"A bill to be entitled An Act relating to and fixing the fees of Clerks of Circuit Courts, sheriffs and constables in this State, and making it unlawful for such officers to charge, collect or receive other or different amounts for the services designated; and repealing all laws and parts of laws in conflict herewith. Which amendments read as follows:

"Amendment No. I:

"At end of title strike out period and insert semi-colon

and add following: 'and excepting certain counties from the provisions of this Act.'

"Amendment No. 2:

"Add following section as Section 6a:

" 'Section 6a. Nothing in this Act contained shall affect any law specifying a flat fee for conducting any proceeding or suit in any court.'

"Amendment No. 3:

"In Section 9, typed bill, strike out the words 'Section 9.' And Respectfully request the concurrence of the Senate therein.

"Very respectfully,

"FRANK WEBB,

"Chief Clerk, House of Representatives.

"Senate Bill No. 105, contained in the above Message, was read the first time by its title, together with House Amendments thereto.

"Senator Hilburn moved that the Senate do concur in House Amendment No. 1 to Senate Bill No. 105.

"Which was agreed to.

"And the Senate refused to concur in House Amendment No. 1 to Senate Bill No. 105.

"Senator Butler moved that the Senate do concur in House amendment No. 2 to Senate Bill No. 105.

"Which was not agreed to.

"And the Senate concurred in House Amendment No. 2 to Senate Bill No. 105.

"Senator Hilburn moved that the Senate do concur in House Amendment No. 3 to Senate Bill No. 105.

"Upon which a roll call was demanded.

"Upon the adoption of the motion made by Senator Hilburn the roll was called and the vote was:

"Yeas: Senators Andrews, Butler, Caro Chowning, Clark,

English, Gary, Gillis, Hilburn, Lewis, Parker, Parrish, Stewart, Turner, Whittaker—15.

"Nays: Mr. President, Senators Anderson, Bass, Beacham, Black, Dell, Getzen, Gomez, Hale, Harrison, Hodges, Holland, Larson, Lundy, MacWilliams, Mann, Murphy, Raulerson, Rose, Shelley, Shivers, Sikes, Watson—23.

"Which was not agreed to.

"And the Senate refused to concur in House Amendment No. 3 to Senate Bill No. 105.

"Senator Gillis moved that the House of Representatives be requested to recede from House Amendments Nos. 1 and 3 to Senate Bill No. 105 and in the event the House refuses to recede that the Speaker of the House be requested to appoint a Conference Committee.

"Which was agreed to.

"And it was so ordered.

"And the Action of the Senate was ordered immediately certified to the House of Representatives, the rule being waived."

"On June 2nd, the Senate Journal shows the following:

"Hon. T. G. Futch, President of the Senate,

"Sir: I am directed by the House of Representatives to inform the Senate that the House of Representatives has receded from its amendments Nos. 1 and 3 to:

"By Senator Hilburn—

"Senate Bill No. 105:

"A bill to be entitled An Act relating to and fixing the fees of Clerks of Circuit Courts, Sheriffs and Constables in this State, and making it unlawful for such officers to charge, collect or receive other or different amounts for the services designated; and repealing all laws and parts of laws in conflict herewith.

"Which amendments are as follows:

"Amendment No. 1:

"At end of title strike out period and insert semicolon and add following: 'and excepting certain counties from the provisions of this Act.'

"Amendment No. 3:

"In Section 9, typed bill, strike out the words 'Section 9.'

"And respectfully request the concurrence of the Senate therein."

After the bill was returned to the House of Representatives the following proceedings were had:

"Mr. Pearce moved that the House of Representatives do now take up and consider Senate Bill No. 105, together with House Amendments thereto in which the Senate refuses to concur.

"Which was agreed to.

"And—

"Senate Bill No. 105:

"A bill to be entitled An Act relating to and fixing the fees of Clerks of Circuit Courts, Sheriffs and Constables in this State, and making it unlawful for such officers to charge, collect or receive other or different amount for the services designated; and repealing all laws and parts of laws in conflict herewith; 'And excepting certain counties from the provisions of this Act.'

"Mr. Robineau moved that the House of Representatives ·do recede from Amendment No. 1 to Senate Bill No. 105.

"Which was agreed to.

"Mr. Robineau moved that the House of Representatives do recede from its amendment No. 3 to Senate Bill No. 105..

"Which was agreed to.

"Also—

"The following message from the Senate was received and read:

"Senate Chamber,

"Tallahassee, Florida, June 2, 1933.

"Hon. Peter Tomasello, Jr.,

"Speaker of the House of Representatives,

"Sir:

"I am directed by the Senate to inform the House of Representatives that the Senate has concurred in House Amendment to—

"Senate Bill No. 105:

"A bill to be entitled An Act relating to and fixing the fees of Clerks of Circuit Courts, Sheriffs and Constables in this State, and making it unlawful for such officers to charge, collect or receive other or different amounts for the services designated; and repealing all laws or parts of laws in conflict herewith.

"Amendment No. 2:

"Add the following section as Section 6-A:

"'Section 6-A. Nothing in this Act contained shall affect any law specifying a flat fee for conducting any proceeding or suit in any court.'

"Very respectfully,

"ROBT. W. DAVIS,

"Secretary of the Senate."

So, we see that the Legislature deliberately, and by affirmative action, excluded from the title to the Act the words "and excepting certain counties from the provisions of this Act."

The title of the Act as passed, approved and published was the same as first quoted in this opinion.

The title to the Act is affirmatively misleading and it appears from the legislative journals, as above shown, that it was made so deliberately and intentionally.

Section 9 of the Act as passed and approved is quoted above. ...

The title clearly indicated that the Act applied to and was to fix fees of certain officers throughout the State. The Act applies to only officers in thirty-nine counties of the State. Probably those interested in the subject matter of the Act were advised that the Act would not be passed applying to fees of all such officers in the State and were misled and lulled into inaction by the contents of the title.

The record indicates that it was a fact that the bill could not have had sufficient support to accomplish its passage had it not been for the inclusion of Section 9 therein, which is hereinabove quoted. The record shows that the vote in the Senate was 18 to 16. The record also shows that the Senate by affirmative vote refused to include in the title the words which were intended to show that the Act should apply to only a part of the counties of the State. Therefore, it appears, as stated above, that the title was intentionally misleading.

In State, *ex rel.* Davis, Attorney General, v. Love, 99 Fla. 333, 126 Sou. 374, and in State, *ex rel.* Attorney General v. Burns, 38 Fla. 369, 21 Sou. 290, we said, construing the purpose of Section 16, Article III, of the Constitution: "A further object of the requirement is to avoid surprise or fraud in legislation by means of provisions in bills of which the titles give no sufficient notice and to this end a title of an Act should fairly apprise not only the members of the Legislature, but the people to be affected, of the subject of legislation being enacted." See also Williams v. Dormany, 99 Fla. 496, 126 Sou. 117; State, *ex rel.* Crump v. Sullivan, 99 Fla. 1070, 128 Sou. 478.

Therefore, without deciding other questions which are presented, we hold that the title of the Act does not comply

with the provisions of the Constitution as contained in Section 16 of Article III, and, for that reason, is invalid.

The peremptory writ should issue and it is so ordered.

DAVIS, C. J., and ELLIS, J., concur.

BROWN, J., concurs in conclusion.