McDUFFIE *v.* THE STATE.

87 687
91 695
87 687
93 814
87 687
f110 888
87 687
113 942

1. Some intoxicating liquors are not comprehended in the descriptive term "spirituous liquors." Consequently, a statute enacting that it shall be unlawful for any person to sell intoxicating liquors, contains matter different from what is expressed in the title thereof, the title being "An act to prohibit the sale of spirituous liquors."
2. An indictment founded upon such statute, which charges in general terms the sale of intoxicating liquors, without alleging that they were spirituous liquors, does not set forth any offence with requisite certainty.

July 20, 1891. By two Justices.

Criminal law. Liquor. Statutes. Indictment. Before Judge ROBERTS. Wilcox superior court. September term, 1890.

Reported in the decision.

MARTIN & SMITH, for plaintiff in error.

TOM EASON, solicitor-general, by HINES & FELDER, *contra.*

SIMMONS, Justice.

1. McDuffie was indicted for selling intoxicating liquors under the special act passed for Wilcox county, approved February 22d, 1877. The title of that act is as follows : "An act to prohibit the sale of spirituous liquors within the limits of Wilcox county." The first section of the act makes it "unlawful for any person, or persons, to sell, barter, or in any other way dispose of, for value, intoxicating liquors of any kind, or quality, within the limits of Wilcox county." The indictment under this act charged McDuffie "with the offence of misdemeanor in selling intoxicating liquors, for that the said D. S. McDuffie, on the 5th day of March, in the year 1890, in the county aforesaid, did then and there unlawfully, and with force and arms, within the limits of said county and not within the corporate limits of

any town or city whereby authority to issue license is vested in the corporate authorities, for a valuable consideration, sell, barter or otherwise dispose of a quantity of intoxicating liquors, contrary to the laws of said State," etc. One of the special demurrers made to this indictment was that the act above cited was unconstitutional, having in its body matter different from its title, the title prohibiting the sale of *spirituous* liquors, and the act prohibiting the sale of *intoxicating* liquors. The demurrer was overruled by the court, and defendant excepted. The court should have sustained this special demurrer. The title of the act prohibits the sale of spirituous liquors, while the body of the act makes it unlawful for any one to sell intoxicating liquors. The act therefore contains matter different from what is expressed in the title. "All spirituous liquors are intoxicating, but all intoxicating liquors are not spirituous." "Spirituous liquor means distilled liquor." "Fermented liquor, though intoxicating, is not spirituous." Commonwealth v. Gray, 61 Am. Dec. 476; State v. Oliver, 53 Am. Rep. 79; 11 Am. & Eng. Enc. of L. 571; Anderson's Law Dic. 565; 1 Abbott's Law Dic. 641.

2. It will be seen from the above quotation made from the indictment that it charges in general terms the sale of intoxicating liquors without alleging that they were spirituous liquors. If it had alleged that the intoxicating liquor sold was spirituous liquor, the indictment so far as this question is concerned would have been sufficient; but having alleged generally the sale of intoxicating liquors, it did not set forth any offence with requisite certainty.      *Judgment reversed.*