### ELLIOTT *v.* THE STATE.

1. The body of a penal statute when broader in its terms than the title warrants, cannot be narrowed by construction so as to make the statute good for what is embraced within the title, unless the result thus arrived at will correspond with the real legislative intention.  Thus where the title of an act embraces "spirituous liquors" only, and the body extends to "intoxicating liquors of any kind or quality," and prohibits the sale thereof, it cannot be held that the legislature intended to prohibit the sale of *only* one kind, to wit spirituous liquors.

2. Where the whole legislative intent as embraced in one and the same verbal expression contained in a penal statute cannot be enforced, because unconstitutional in part, the other part will not be enforced unless it is reasonably certain that to enforce the latter as a separate and independent scheme or measure, would correspond with the legislative will and purpose.  In the present instance, it

does not appear that the legislature designed or was willing to prohibit the sale of "spirituous liquors" except as part and parcel of the broader scheme of prohibiting the sale of all "intoxicating liquors." This broader scheme being unconstitutional because differing from the title of the act, must necessarily fail; and as it is one and indivisible, all its parts fail with it.

April 24, 1893.

Before Judge SMITH. Wilcox superior court. September adjourned term, 1892.

Indictment for selling spirituous and intoxicating liquor on July 1, 1892, in Wilcox county. The defendant demurred on the grounds, among others, that the act of February 22, 1877, upon which the indictment was based, is wholly unconstitutional and void, because the body of it contains matter different from that contained in the title; and that a part of the act being unconstitutional the whole is, because the subject-matter of the act is single, and the legislative intent is defeated by reason of the unconstitutional part of the act. The demurrer was overruled, and defendant excepted.

E. H. CUTTS, E. F. HINTON and HAL LAWSON, for plaintiff in error.

TOM EASON, solicitor-general, by HINES, SHUBRICK & FELDER, contra.

SIMMONS, Justice.

1. The statute in question, in the body thereof, prohibited the sale, in the county of Wilcox, of "intoxicating liquors of any kind or quality," but the title embraced "spirituous liquors" only. (Acts 1877, p. 343.) For this reason it was held, in the case of McDuffie v. The State, 87 Ga. 687, that the statute is inoperative as to liquors not spirituous. Whether it is valid as to matter covered by the title was not decided. The question in that case was simply whether an indictment was demurrable which charged in general terms the sale of intoxicating liquors, without alleging that they were spirituous; and the court held, in effect, that as the

statute could not properly extend to liquors other than those mentioned in the title, the indictment, in failing to allege that the liquors sold were of that kind, was not sufficiently certain.  The validity or invalidity of a statute is not proper matter for decision unless necessary to the adjudication of the case ; and what was said in that case as to how an indictment might be framed so as to be sufficient under the statute, is not to be understood as ruling that the statute itself is in any respect valid.  We are now required to decide whether the statute, because of variance between the body and the title, is wholly inoperative and void, or whether it can be upheld in so far as relates to what is expressed in the title.  For the solution of this question we must look to the legislative intent.  Where it is not clear that the legislature intended to exceed the scope of the title, a statute broader in its terms than the title warrants will be upheld by construing it as qualified and limited by the title.  (See *Conley* v. *The State*, 85 *Ga.* 365 (11); *McArthur* v. *State*, 69 *Ga.* 444.)  But this rule does not apply in the present case ; for it cannot be held that the legislature meant to prohibit merely that class of liquors referred to in the title, when the prohibition in the body of the act extends expressly to "any kind or quality" of intoxicating liquors.

2. When a statute cannot be sustained as a whole, the courts will uphold it in part when it is reasonably certain that to do so will correspond with the main purpose which the legislature sought to accomplish by its enactment, if, after the objectionable part is stricken, enough remains to accomplish that purpose.  But if the objectionable part is so connected with the general scope of the statute that, should it be stricken out, effect cannot be given to the legislative intent, the rest of the statute must fall with it.  The courts cannot construct from a defective statute a law which the law-making body did not intend to enact and which it cannot be

presumed it would have been willing to enact. See Cooley, Const. Lim. 6 ed. 209 *et seq.*; Sutherland, Stat. Constr. §§169-180 ; Baldwin *v.* Franks, 120 U. S. Rep. 678, and cases cited. In the present case, the purpose of the legislature, as unequivocally expressed in the body of the act, was to put an end entirely to the liquor traffic in Wilcox county. It contemplated the suppression of tippling-houses and the cutting off as far as possible of the means of intoxication, without regard to the kind or quality of the liquor. But under the statute as it would stand if upheld as to the matter expressed in its title, every tippling-house in the county could continue in operation and the sale of intoxicating liquors be carried on as before, except merely as to one species of intoxicants. If a statute were to prohibit the sale of several specified kinds of liquors, and if as to one of these kinds the prohibition should be held unconstitutional, the statute might be sustained as to the other kinds mentioned. In such case partial and not total prohibition being the object of the statute, it might be held that if it could not be enforced as to all of the several kinds specified, its enforcement as to less than the whole would not be repugnant to the legislative will. But where, as in the present case, the scheme is clearly total prohibition, it cannot be assumed that the legislature would have been willing to enact the statute if its effect would be to establish a scheme of partial prohibition and permit the traffic to continue as to all but one class of liquors. We cannot say that the legislature designed or was willing to prohibit the sale of. " spirituous liquors " save as part and parcel of the broader scheme of prohibiting the sale of "any kind or quality " of " intoxicating liquors." This broader scheme, as we have seen, being unconstitutional because exceeding the limit fixed by the title of the act, it must necessarily fail ; and being one and indivisible, all its parts must fail with it.     *Judgment reversed.*