### BLANKENSHIP v. THE STATE.

The statute (Acts 1890–1891, vol. 1, p. 128) requiring a license to sell spirituous, vinous or malt liquors, but not requiring any license to sell all intoxicating liquors, and some intoxicating liquors not being embraced in the description "spirituous, vinous or malt," it was error, on the trial of a person charged with selling by retail spirituous and intoxicating liquors without a license, to instruct the jury that if the liquor sold by the accused was intoxicating, whether it was spirituous or not, he might be guilty. No conviction would be warranted upon such an indictment without evidence that the liquor sold was spirituous, vinous or malt liquor, or some mixture of one or more of these liquors.

April 16, 1894.

Indictment for misdemeanor. Before Judge MILNER. Gordon superior court. February term, 1894.

W. R. RANKIN, for plaintiff in error.

A. W. FITE, solicitor-general, contra.

SIMMONS, Justice.

The plaintiff in error was convicted under an indictment which charged him with selling by retail "spirituous and intoxicating liquors without the license and taking the oath prescribed by law." The sale in question was of a compound called "Dr. Harter's Wild Cherry Bitters," which was shown to be intoxicating, but the ingredients of which were unknown to the witnesses, though it was supposed to contain whisky. The court instructed the jury, however, that if the liquor sold was intoxicating, they could convict whether it was spirituous or not. We think this was error. The liquors for the sale of which a license is required, under the statute (Acts 1890–1891, vol. 1, p. 128), are "spirituous, vinous and malt liquors," and these do not include all intoxicating liquors. A conviction would be improper without evidence that the liquor sold was spirituous, vinous or malt liquor, or some mixture containing one or more of these liquors. See *McDuffie* v.

*The State*, 87 *Ga.* 687 ; Allred *v.* The State, 89 Ala. 112;
8 South. Rep. 56; Black on Intoxicating Liquors, §2.
We cannot express our view of the matter better than
by quoting from the language of the court in Allred *v.*
The State, *supra.*   In that case the accused was charged
with a violation of a statute requiring a license for sell-
ing "vinous, spirituous or malt liquors," and the evi-
dence showed that he sold a compound called "Busby's
Bitters," which was an intoxicating liquor, but it did
not appear that it was composed of or contained either
vinous, spirituous or malt liquor.   The court said:
"'Spirituous liquors' technically and strictly include
all liquors which contain alcohol in appreciable quan-
tities.   In this sense, vinous and malt liquors are also
spirituous, in that each contains spirits of alcohol.
People *v.* Crilley, 20 Barb. 248 ; State *v.* Giersch, 98
N. C. 720 ; 4 S. E. Rep. 193.   But, in ordinary accep-
tation, the term 'spirituous liquors' imports distilled
liquors, and that the term is employed in this sense
in the statute under consideration is manifest from
the use of the the superadded terms 'vinous' and
'malt,' which have no office to perform unless the
phrase 'spirituous' liquors is confined to the definition
which it has in common parlance, denoting liquids
which are the result of distillation.   Attorney-General
*v.* Bailey, 1 Exch. 281.   'Vinous liquors' are such as
are made from the fermented juice of the grape.   .   .
The term 'malt liquors' embraces porter, ale, beer
and the like.   .   .   Liquor of either class may be in-
toxicating; but neither class, nor all of them combined,
include all intoxicating liquors, beverages or bitters.
A given liquor may, in other words, be in a high degree
intoxicating, and yet be neither spirituous, vinous or
malt, within the sense of the statute.   'Fermented' or
'hard' cider is an illustration,   .   .   .   and there may
be many others, so far as the proof in the case at bar

and common knowledge to the contrary extend. Certainly we cannot judicially know that Busby's bitters, though shown to be intoxicating, is or contains either distilled liquor or wine, or ' a liquor prepared for drink by the infusion of malt.' It was for the jury to say whether the bitters proved to have been sold by the defendant was vinous, spirituous or malt liquor, or contains liquors of either or all of these classes in appreciable quantities. The charge took this inquiry away from them, and required at their hands a verdict of guilty, if they found the liquor to be intoxicating simply, although they might also have believed that, notwithstanding its inebriating qualities, it was not within the terms of our statute. Com. v. Gray, 61 Am. Dec. 476; Com. v. Livermore, 4 Gray, 20; State v. Oliver, 26 W. Va. 422."                                    *Judgment reversed.*