## H. P. HILLIARD, RECEIVER, ETC., V. W. A. WHITE.

### No. 793.

88 591
189 104

**1. Petition for Writ of Error.**

The petition for writ of error should state the nature of the case (not the case), and the specific grounds upon which the writ is asked. No matter should be inserted which appears in the statement of the case by the Court of Civil Appeals, in its conclusions of law, or in the opinion of that court. 592

**2. Same.**

It is expected that applications conform to the statutes and the Rules of the Supreme Court, chapter 91, Laws Twenty-fourth Legislature, page 144 (May 6, 1895), and Rule 1 of Amended and New Rules for Supreme Court, 87 Texas, xvii ...................................................... 592

**3. Practice on Application.**

The application being defective both in the insertion of unnecessary matter and in absence of specific assignment of errors, ten days' time was given within which to amend ...................... ....................... 593

APPLICATION for writ of error to Court of Civil Appeals for Third District, in an appeal from Llano County.

GAINES, CHIEF JUSTICE.—Amended article 1011b of the Revised Statutes, approved May 6, 1895, provides, that "any party desiring to sue out a writ of error before the Supreme Court shall present his petition, addressed to said court, stating the nature of his case and the grounds upon which the writ of error was prayed for, and showing that the Supreme Court has jurisdiction thereof; and the petition shall contain such other requisites as may be prescribed by the Supreme Court." Laws 1895, p. 144. Rule 1 of Rules for the Supreme Court, adopted at the last term of this Court, sets forth with great particularity the requisites of a petition for a writ of error, and prescribes, among other things, that "the opinion, together with the statement of the case and conclusions of the Court of Civil Appeals, will be read by the court in connection with the application, so that no matter will be stated in the petition which appears in such statement, conclusions, and·opinion."

This was a suit brought by W. A. White against F. J. Semple, and H. P. Hilliard, as receiver of the First National Bank of Llano, upon a promissory note for $1076.25, executed by Semple, and indorsed by the bank of which Hilliard was receiver. The indorsement as written appearing to have been for collection merely, the plaintiff alleged it was a mistake, and sought to have it reformed, so as to charge the bank as an indorser for value. He also sought to foreclose a lien upon ten shares of the bank, hypothecated by Semple to secure the payment of the note.

Such is a full statement of "the nature" of the case. Instead, however, of contenting himself with a brief statement of the character of his suit, as required by the rule, the applicant inserts a full statement

of his entire case, that is to say, with a full history of his suit, from its inception to the end in the District Court. This statement is almost a literal copy of that made by the Court of Civil Appeals in its opinion, and was, as the opinion shows, adopted by that court from the statement made in applicant's brief in that court. The statute requires the applicant in his petition to state the nature of his case. It does not require him to state his case. But if for any reason it was necessary to state the whole case, it was contrary to the rule to do it in this case. The opinion of the Court of Civil Appeals contained such statement, and it was not proper to repeat it in the petition for the writ of error. The applicant did not object to the court's statement, and could not have done so, for it was adopted from his own brief.

Following the statement so made, the applicant in his petition proceeds to copy his assignments of error in the Court of Civil Appeals, with his propositions under each assignment; and then to set forth that he made a motion for rehearing in that court, stating the grounds of his motion. All this is not only unnecessary, but is also a violation of the rule we have quoted. When the Court of Civil Appeals have passed upon a question, we will presume that it has been raised by a proper assignment. If a motion for a rehearing has been made in the Court of Civil Appeals, the transcript of the proceedings in that court will show it, and the original motion, as filed in that court under the statute and rules, comes up with the other papers in the cause, and is before the court to speak for itself.

What purports to be petitioner's assignments of error are propositions of law appropriate under proper assignments, but do not point out any specific ruling of the court. We infer from the whole petition, that the pleader probably intended to complain: (1) that the Court of Civil Appeals erred in holding that the exception to the petition was properly overruled; (2) that it erred in holding that the trial court did not err in its sixth conclusion of law, and in holding that under the facts found, the plaintiff was entitled to a judgment against the receiver; (3) that the Court of Civil Appeals erred in holding, with the trial court, that the controversy between the plaintiff and the bank constituted a sufficient consideration to support the bank's promise on the note; (4) that the court erred in holding that under the allegations and proof the plaintiff was entitled to have the indorsement on the note reformed, on the ground of mutual mistake; (5) that the court erred in holding, with the trial court, that the plaintiff's indorsement on the note, subsequent to the bank's indorsement, did not discharge the bank; and (6) that there was error in not holding that the trial court should have given the receiver judgment over against his codefendant. The petition for the writ of error avers that these grounds in substance were assigned in the Court of Civil Appeals, but nowhere alleges directly that this latter court erred in not sustaining them. See Hodo v. Railway, ante, p. 523.

The applicant will be allowed ten days to amend his petition by omitting improper averments and statements, and by assigning the alleged errors relied upon in this court for a reversal of the judgment.

Delivered November 4, 1895.