## HARRIS v. THE STATE.

Where the body of a penal statute is broader in its terms than the title warrants, it is unconstitutional at least in so far as it contains matter not comprehended in the title.

(a) Where the title of an act is "An act to prevent the baiting or killing of doves thus baited at said bait in this State, and to provide for the punishment thereof," and the body of the act makes penal " the baiting or killing of doves thus baited, any season of the year," the act is unconstitutional at least in so far as it seeks to make penal the killing of doves at any place other than at the " bait."

(b) An indictment, founded upon this statute, charging that the accused did " kill, by shooting with a gun, baited doves," without alleging that the doves were killed at the place where baited, does not set forth any offense against the laws of this State.

Argued May 21, — Decided June 4, 1900.

Indictment for killing baited doves. Before Judge Felton. Houston superior court. April term, 1900.

*J. M. Moore, M. Wimberly, T. B. West,* and *M. W. Harris,* for plaintiff in error. *Robert Hodges, solicitor-general,* contra.

SIMMONS, C. J.　The accused was indicted under the act approved December 6, 1898 (Acts 1898, p. 107), in relation to killing baited doves. The indictment charged that he did " kill, by shooting with a gun, baited doves. " He demurred on the ground that the indictment did not allege "that the killing of said baited doves was done at said bait"; that the act of 1898 was unconstitutional and void and its violation not a crime, because it contained matter different from that covered by its title; and on other grounds not necessary here to detail. The trial judge overruled the demurrer, and the accused excepted.

The case is, we think, controlled by paragraph 8 of section 7 of article 3 of the Constitution of Georgia (Civil Code, § 5771), and by the reasoning in the following cases: *Conley* v. *State,* 85 *Ga.* 365; *McDuffie* v. *State,* 87 *Ga.* 687; *Crabb* v. *State,* 88 *Ga.* 584; *Elliott* v. *State,* 91 *Ga.* 694; *Dempsey* v. *State,* 94 *Ga.* 766, 768; *Sasser* v. *State,* 99 *Ga.* 54. The reasons are sufficiently set forth in these cases, and it is, in our opinion, unnecessary to repeat what has been so many times said by this court. It was stated in the argument here that, "on one day during the year 1896 or 1897, a party of forty Macon sportsmen [?] killed more than 12,000 doves at Leesburg," and we can see that the legislature might very properly desire to put a stop to such wanton and unnecessary slaughter. At the same time, however, although we may appreciate the wholesomeness of such legislation as was doubtless intended, we can not sustain the act actually passed, as the same is violative of the constitution of the State as containing "matter different from what is expressed in the title." We must hold that the act under consideration is unconstitutional at least in so far as it seeks to make penal the killing of doves at any place other than the place where they are baited. As to whether it is unconstitutional in whole, it is not necessary here to decide.

*Judgment reversed. All concurring, except Fish, J., absent.*