FT. WORTH & D. C. RY. CO. v. LOYD.†

(Court of Civil Appeals of Texas.    Nov. 19, 1910.    Rehearing Denied Dec. 10, 1910.)

1. STATUTES (§ 61*)—TITLE AND SUBJECTS OF ACTS—CONSTRUCTION.

Where an act contains a single provision which is broader than the title, the court may not narrow and change the ordinary meaning of the words employed in the act so as to sustain it as to cases falling within the title.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 196; Dec. Dig. § 61.*]

2. STATUTES (§§ 64, 117*) — TITLE AND SUBJECTS OF ACTS—PARTIAL INVALIDITY.

Acts 31st Leg. c. 47, entitled "An act to regulate the presentation and collection of claims for personal services or for labor rendered, or for overcharges in freight, etc., against any person or corporation doing business in this state, and providing ·a reasonable amount of attorney's fees to be recovered, in cases where the amount of such claims shall not exceed $200," etc., and in section 1, permitting a recovery of attorney's fees in all suits on the same character of claims without regard to the amount thereof, violates Const. art. 3, § 35, providing that no bill shall contain more than one subject which shall be expressed in its title, etc., and since the act refers to all claims of the character therein specified collectively, and in the same language, it cannot be held valid as applicable to claims not in excess of $200, but is void in its entirety.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 195; Dec. Dig. §§ 64, 117.*]

Appeal from Wise County Court; C. V. Terrell, Judge.

Action by Coke Loyd against the Ft. Worth & Denver City Railway Company. Judgment for plaintiff, and defendant appeals. Reversed and rendered.

Spoonts, Thompson & Barwise, McMurray & Gettys, and J. M. Chambers, for appellant. R. E. Carswell, for appellee.

DUNKLIN, J.    Coke Loyd sued the Ft. Worth & Denver City Railway Company to recover $150 as damages to a shipment of cattle transported by the railway company from Decatur to Ft. Worth. By the judgment from which the railway company has appealed, plaintiff was awarded $143.50 as damages sustained and $20 additional as attorney's fees. Evidently the recovery for attorney's fees was predicated upon an act of the Thirty-First Legislature (1909), which appears as chapter 47, p. 93, of the official publication. That act and the title preceding read:

"An act to regulate the ·presentation and collection of claims for personal services or for labor rendered, or for material furnished, or for overcharges in freight or express, or for any claim for lost or damaged freight, or for stock killed or injured by any person or corporation, against any person or corporation doing business in this state, and providing a reasonable amount of attorney's fees to be recovered, in cases where the amount of such claims shall not exceed two hundred ($200) dollars, and declaring an emergency.

"Be it enacted by the Legislature of the state of Texas:

"Section 1. That hereafter any person in this state, having a valid bona fide claim against any person or corporation doing business in this state, for personal services rendered or for labor done, or for material furnished, or for overcharges on freight or express, or for any claim for lost or damaged freight, or for stock killed or injured by such person or corporation, its agents or employees, may present the same to such person or corporation, or to any duly authorized agent thereof, in any county where suit may be instituted for the same; and if, at the expiration of thirty days after the presentation of such claim, the same has not been paid or satisfied, he may immediately institute suit thereon· in the proper court, and if he shall finally establish his claim, and obtain judgment for· the full amount thereof, as presented for payment to such person or corporation in such court he shall be entitled to recover the amount of such claim and all costs of suit, and in addition thereto a reasonable amount as attorney's fees, provided, he has an attorney employed in the case, not to exceed twenty ($20.00) dollars, to be determined by the court or jury trying the case; provided, however, that nothing in this act shall be construed to repeal or in any manner affect any provision of the law now in force giving a remedy to persons having claims of the character mentioned in this act, but the same shall be considered as cumulative of all other remedies given to such a person or persons.

"Sec. 2. The fact that there is no law now in force in this state providing an effectual remedy for persons having such claims as are mentioned in this act, creates an emergency and an imperative public necessity requiring the suspension of the constitutional rule requiring bills to be read on three several days, and this act shall take effect from and after its passage, and it is so enacted."

Appellant has assigned error to the award of attorney's fees upon the ground that the

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

† Writ of error denied by Supreme Court.

act quoted above was in violation of article 3, § 35, of our state Constitution of 1876, in that the title recites an act allowing the recovery of attorney's fees in suits upon claims of the character mentioned in the title when the amount of the claim asserted does not exceed $200, while in the body of the act a recovery of attorney's fees is permitted in all suits upon the same character of claims without regard to the amount thereof. Section 35, art. 3, of the Constitution, reads: "No bill (except general appropriation bills, which may embrace the various subjects and accounts for and on account of which moneys are appropriated) shall contain more than one subject, which shall be expressed in its title. But if any subject shall be embraced in an act which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be so expressed."

In Tax Collector v. Finley, 88 Tex. 521, 32 S. W. 525, our Supreme Court in discussing the foregoing provision of the Constitution said: "It was doubtless intended by section 35 to prevent certain practices sometimes resorted to in legislative bodies to secure legislation contrary to the will of the majority: One, that of misleading members by incorporating in the body of the act some subject not named in the title; the other, that of including in the same bill two matters foreign to each other, for the purpose of procuring the support of such legislators as could be induced to vote for one provision merely for the purpose of securing the enactment of the other." Clearly, the body of the act embraces claims not included in the title. If the body of the act had been so framed that such claims could be rejected from its operation without changing or adding to the language of the act, then, in accordance with the constitutional provision quoted, the act would be held valid as applicable to claims not in excess of $200, and rejected when invoked in suits upon claims amounting to more than $200. But the act refers to all claims of the character therein specified collectively and in the same language, and to say that it shall apply only to claims not in excess of $200 would be to change or limit the ordinary meaning of the language employed. Such a construction is not permissible even under the liberal rule obtaining in the construction of statutes when assailed as being in contravention of the Constitution.

In Sutherland on Statutory Construction, in section 87, the following is said: "The title cannot be enlarged by construction when too narrow to cover all the provisions in the enacting part, nor can the purview be contracted by construction to fit the title; but the title, if delusively general, may be sufficient though more extensive than the purview." The foregoing is in accord with the following statement of the law found in Am. & Eng. Encyc. Law, 596, which seems to be sustained by the authorities: "Where the act contains a single provision which is broader than the title, the court cannot narrow and change the ordinary meaning of the words employed in the act so as to sustain it as to cases falling within the title." See W. U. Tel. Co. v. State, 62 Tex. 630; Cooley's Constitutional Limitations (6th Ed.) 177, 211, 212; Elliott v. State, 91 Ga. 694, 17 S. E. 1004; Trade-Mark Cases, 100 U. S. 82, 25 L. Ed. 550; Sutherland on Stat. Const. §§ 169, 170, 173, and decisions there cited.

In United States v. Reese, 92 U. S. 214-256, 23 L. Ed. 566, Waite, C. J., said: "We are therefore directly called upon to decide whether a penal statute enacted by Congress, with its limited powers, which is in general language broad enough to cover wrongful acts without as well as within the constitutional jurisdiction, can be limited by judicial construction so as to make it operate only on that which Congress may rightfully prohibit and punish. For this purpose we must take these sections of the statute as they are. We are not able to reject a part which is unconstitutional and retain the remainder because it is not possible to separate that which is unconstitutional, if there be any such, from that which is not. The proposed effect is not to be attained by striking out or disregarding words that are in the section, but by inserting those that are not now there. Each of the sections must stand as a whole or fall altogether. The language is plain. There is no room for construction, unless it be as to the effect of the Constitution. The question, then, to be determined is whether we can introduce words of limitation into a penal statute so as to make it specific, when, as expressed, it is general only. It would certainly be dangerous if the Legislature could set a net large enough to catch all possible offenders, and leave it to the courts to step inside and say who could be rightfully detained and who should be set at large. This would, to some extent, substitute the judicial for the legislative department of the government. The courts enforce the legislative will when ascertained, if within the constitutional grant of power. * * * To limit this statute in the manner now asked would be to make a new law, not to enforce an old one. That is no part of our duty."

In Sutherland on Statutory Construction, § 172, the author announces that the rule stated above is applied with greater stringency in construing criminal statutes. If that distinction obtains in this state, notwithstanding article 9 of the Texas Penal Code of 1895, which provides that our criminal statutes shall be construed according to the same rule as civil statutes, yet it is true, nevertheless, as shown by authorities cited above, that the rule applies to civil as well as criminal statutes, and the reasoning advanced in United States v. Reese, supra, supports the rule in any event.

In reply to appellant's contention that the act is in contravention of the constitutional provision quoted above, appellee insists that the language of the title, "and providing a reasonable amount of attorney's fees to be recovered in cases where the amount of such claims shall not exceed two hundred dollars," is but a statement of details or incidents to the subject of legislation not necessary to have been included in the caption, and which should be treated as surplusage, in no way limiting the subject of legislation. With this contention we cannot agree. Prior to the passage of the act the law permitted a recovery upon such claims as those mentioned in the act, and the only purpose of the act was to allow a recovery of attorney's fees whenever a suit should become necessary to collect a claim of the character mentioned. The provision in the title reciting, in effect, that the act authorized a recovery of attorney's fees upon claims only "where the amount of such claims shall not exceed two hundred dollars," clearly is not merely a statement of details or incidents to the subject. The provision is as much a designation of the subject of legislation as are the other provisions which refer to the character or kind of claims embraced in the act. For the reasons given above we hold that the act discussed is void in its entirety; and this conclusion renders it unnecessary to discuss appellant's further contention that the act is also in violation of section 1, of the fourteenth amendment to the Constitution of the United States.

From the foregoing, it follows that the judgment in favor of appellee for twenty dollars as attorney's fees must be reversed and judgment must be here rendered in favor of appellant upon the claim for such fees, and it is so ordered; but the judgment in appellee's favor for $143.50 and for costs of suit in the trial court is affirmed.