## SMITH *v.* THE STATE.

1. So much of section 36 of the "Georgia securities law" as makes it a felony for an issuer of securities falling within Class D to sell or offer to sell the same without first obtaining a license so to do is unconstitutional and void, because it contains matter different from and contrary to that expressed in the title of this statute; and the trial judge erred in not sustaining the demurrer of the defendant to the indictment, in so far as it charged him with a felony on the ground that as an issuer of such securities he sold the same without license from the Securities Commission so to do.

2. The above ruling renders it unnecessary to consider the other assignments of error in the record.

No. 4727.  SEPTEMBER 18, 1925.  REHEARING DENIED OCTOBER 1, 1925.

Stock-selling without license.   Before Judge W. E. Thomas. Lowndes superior court.   December 15, 1924.

*Branch & Snow* and *Whitaker & Dukes,* for plaintiff in error.

*George M. Napier, attorney-general, C. E. Hay, solicitor-general, R. G. Dickerson,* and *T. B. Conner,* contra.

HINES, J.   1. The controlling question in this case is whether section 36 of the "Georgia securities law" of 1922 contains matter different from what is expressed in its title.   The defendant demurred to the indictment found against him under this section, upon the ground that so much of this section as requires an issuer of securities within Class D to secure license, and makes it a felony for such issuer to sell such securities without such license, is unconstitutional, because it violates par. 8 of sec. 7 of art. 3 of the constitution of this State, which declares that "No law or ordinance shall pass which refers to more than one subject-matter, or contains matter different from what is expressed in the title thereof."

The caption of the "Georgia securities law" of 1920, as published, is incorrect.   For that caption see Acts 1920, p. 250.   The correct title of that act, as appears from the enrolled act in the office of the Secretary of State, is as follows:   "An act to create and establish the Securities Commission, to provide the membership of said commission and define the duties and powers thereof, to define and classify securities and regulate the sale thereof, to provide for the license of dealers in securities and their agents, to fix fees therefor, to provide a penalty for violation of this act, and for other purposes."

On August 21, 1922, the legislature amended the above law.

The title of the amending act is as follows: "An act to amend an act approved August 17, 1920, entitled 'An act to create and establish the Securities Commission, to provide the membership of said commission and define the duties thereof, to define and classify securities and regulate the sale thereof, to provide for the license of dealers in securities and their agents, to fix fees therefor, to provide a penalty for violation of this act, and for other purposes,' so as more fully to define, classify, and regulate such securities; to provide for the license of all dealers, other than the issuers of such securities, and of their agents; to revise the fees heretofore fixed for licenses; to regulate the sale of real estate in certain cases; to give greater latitude to the Securities Commission in classifying securities and regulating their sale; to increase penalties for violation of the act; and for other purposes." Acts 1922, p. 156.

It will be seen that the caption of the act of 1920 undertakes, among other things, to provide for the license of dealers in securities and their agents, and the title of the act of 1922 declares it to be an act to amend an act approved August 17, 1920, . . so as more fully to define, classify, and regulate such securities; to provide for the license of all dealers, other than the issuers of such securities, and of their agents; . . and to increase penalties for the violation of this act; and for other purposes." Under the titles of either or both of these acts, can the body of the "Georgia Securities Law" make it a felony for issuers of securities to sell their securities without first taking out licenses so to do?

In determining whether the amendatory act of 1922 contains matter different from that which is expressed in its title, the title of the original statute may be considered when, as in the present instance, it is recited in the title of the latter act, as each thereby becomes a part of the title of the latter; and whatever is within the scope of the title of the original act is within the scope of the title of the amending act, unless the title of the latter is so limited and restricted as to forbid such a construction. *Newman* v. *State,* 101 *Ga.* 534 (28 S. E. 1005); *Dallis* v. *Griffin,* 117 *Ga.* 408 (43 S. E. 758); *Sayer* v. *Brown,* 119 *Ga.* 539, 544 (46 S. E. 649). One of the purposes of the act of 1920 is "to provide for the license of dealers in securities and their agents." It is contended by counsel for the State that this language in the title of the act of 1920 was broad enough to cover the requirement that issuers of

securities falling within Class C must first obtain license to sell or offer for sale such securities, and is broad enough to embrace the provision of section 36 of the amended act, which makes it a felony for any issuer of such securities to sell or offer for sale the same without first obtaining such license. Can the word "dealers" be held to include and mean "issuers" of these securities? It is true that one person may be both an issuer and a dealer; but this fact does not make an issuer a dealer or a dealer an issuer. The capacities of dealers and issuers are separate and distinct. The fact that one individual may act in the dual capacity of issuer and dealer does not destroy his separate character of issuer and dealer, although by acting in such dual capacity he may subject himself to liabilities and penalties imposed by law upon both of such characters. Issuer does not mean dealer. A dealer is not an issuer.

Both of these acts undertook to define certain terms used therein. The act of 1920 declared that "The word 'issues' shall include every person and every company, trust, partnership, or association incorporated or unincorporated heretofore or heretofore formed for any lawful purpose and organized under the laws of this State or any foreign State or country, which shall have issued any security sold or offered for sale to any person or persons in this State." This act likewise defines the word "dealer." The act of 1922 defines the words "issuer" and "dealer." By this act issuer is given the same meaning as that given to "issues" in the act of 1920. By both acts "The term or word 'dealer' shall be deemed to include any person, company, trust, partnership, or association, incorporated or unincorporated, selling or disposing of or offering to sell or dispose of any such securities through agents or otherwise, or engaged in the marketing or quotation of securities either directly or indirectly, or through agents or underwriters, or any stock promotion scheme whatever." Both acts declare that the above words and phrases shall, unless the context otherwise indicates, have the above meanings. As these two acts undertake to define the meaning of the words "issuer" and "dealer," and as there is nothing in the context to indicate that they are used with a different meaning, we can not construe the word "dealers," used in the caption of the first act, to mean and include issuers.

Besides, the title of the act of 1922 restricts and limits the caption of the act of 1920. The title of the act of 1922 declares

that one of its purposes is "to provide for the license of all dealers, • otherwise than the issuers of such securities, and of their agents." By the express terms of this title, no provision is made for the licensing of issuers. Only dealers and their agents are required to take out licenses. In the body of the act, in spite of this provision of the title, issuers of securities falling within Class D are required to procure licenses to sell or to offer to sell the same; and it is made a felony for issuers of these securities to sell or offer to sell the same without such licenses. So it seems clear that the body of the amended act contains matter not only not referred to in the caption, but matter contrary to and in direct opposition to the matter referred to in its title.

This conclusion is in harmony with the decisions of this court upon this subject. In *Dempsey* v. *State,* 94 *Ga.* 766 (22 S. E. 57), this court dealt with the title of an act "To make penal the selling or encumbering personal property held under a conditional purchase, and to provide a penalty for the same." The body of the act made the sale, disposition, or encumbering of such property penal. So much of the body of this act as made the disposition of the property otherwise than by sale or encumbrance an offense was held unconstitutional and void. In *Johnson* v. *Jones,* 87 *Ga.* 85 (13 S. E. 261), this court dealt with the act of October 15, 1885, the title of which proposed to amend section 4185 of the then Code of this State, by adding, after the words "four months" therein, the following words: "which order to perfect service may be granted by the judge in vacation." In the body of this act these words were added; but the act then proceeded to declare the section, when so amended, shall read a certain way, when in fact it did not read in that way, but the amending act made an important change in the section other than the change which resulted from the addition of the above words. This court said: "As the title expresses distinctly, explicitly, and unequivocally the precise words which shall be added to the section to be amended; and the body of the act, in the indirect manner indicated, makes another and entirely distinct and important change in the section, it follows inevitably that the act 'contains matter different from what is expressed in the title thereof,' and this the constitution plainly forbids." So where the title of a statute was "An act to prohibit the sale of spirituous liquors," and the body of the statute made it

unlawful to sell intoxicating liquors, it was held that the body contained matter different from the title, as spirituous liquors do not include all intoxicating liquors. *McDuffie* v. *State,* 87 *Ga.* 687 (13 S. E. 596). On this subject see *National Bank of Augusta* v. *Southern Porcelain Mfg. Co.,* 55 *Ga.* 36; *Crabb* v. *State,* 88 *Ga.* 584 (15 S. E. 455) ; *Elliott* v. *State,* 91 *Ga.* 694 (17 S. E. 1004).

So as the title of the act of 1920 provides for the license of dealers in securities and their agents alone, and as the title of the act of 1922 provides for the license of all dealers, other than the issuers of securities, and of their agents, thus expressly excepting issuers of securities, so much of the bodies of these acts as requires issuers to procure licenses to sell or offer to sell securities, and so much of section 36 of the amended Act of 1922 as makes it a felony for issuers to sell or offer to sell securities, without first obtaining licenses so to do, are unconstitutional and void, because these provisions, contained in the bodies of these acts, contain matter different from what is expressed in their title, and because the body of the amending act of 1922, in so far as it requires issuers to obtain licenses, and makes it a felony for them to sell or offer to sell securities without first obtaining licenses so to do, contains matter contrary to the express purpose set out in the title of this statute. It follows that the trial judge erred in not sustaining the demurrer.

2. As the defendant could only be convicted, under the evidence, of selling the securities set out in the indictment as an issuer thereof, and as we have held that so much of the Georgia securities law as makes it a felony for an issuer of these securities to sell them without first obtaining a license so to do, is unconstitutional, for which reason the demurrer to the indictment should have been sustained, it becomes unnecessary to consider the other assignments of error.

*Judgment reversed. All the Justices concur, except*

BECK, P. J., dissenting. Paragraph 8 of section 7 of article 3 of the constitution of Georgia (Civil Code, § 6437) provides that "No law or ordinance shall pass which refers to more than one subject-matter, or contains matter different from what is expressed in the title thereof." And in the demurrer to the indictment in this case the contention is made that no reference to the licensing of issuers of securities is made in the caption of the original act

nor the amendment thereto, and that therefore the law under which the defendant is indicted, in so far as it declares that any issuer of stocks who shall sell or offer for sale any of the securities coming within class "D" shall be guilty of a felony, contains matter different from what is expressed in the title of the act. The title of the act approved August 17, 1920, reads as follows: "An act to create and establish the Securities Commission, to provide the membership of said commission and define the duties thereof, to define and classify securities and regulate the sale thereof, to provide for the license of dealers in securities and their agents, to fix fees therefor, to provide a penalty for violation of this act, and for other purposes." And the title of the amending act approved August 21, 1922, is in the following language: "An act to amend an act approved August 17, 1920, entitled, 'An act to create and establish the Securities Commission, to provide the membership of said commission and define the duties thereof, to define and classify securities and regulate the sale thereof, to provide for the license of dealers in securities and their agents, to fix fees therefor, to provide a penalty for violation of this act, and for other purposes,' so as more fully to define, classify, and regulate such securities; to provide for the license of all dealers, other than the issuers of such securities, and of their agents; to revise the fees heretofore fixed for licenses; to regulate the sale of real estate in certain cases; to give greater latitude to the Securities Commission in classifying securities and regulating their sale; to increase penalties for the violation of the act; and for other purposes." Considering both captions, it would appear at first reading that there is nothing in either of them that would authorize a provision in the body of the act making it a felony for an "issuer" of securities to sell or offer to sell or deal in the securities defined in the act. But upon a careful consideration of both acts and the captions thereto, I think the provision attacked in the demurrer of the plaintiff in error as being obnoxious to the constitutional provision is sufficiently covered by the captions to the acts. By the language employed in the caption to the act of 1920 it is indicated that provision is made in the act "for the licensing of dealers in securities and their agents." While the word "dealers" might in its strictest sense merely include those who bought and sold the securities referred to, or as agents or brokers bought, sold, and handled

for others these securities, nevertheless it would not be extending the meaning of the word beyond permissible limits to hold that it covers any person handling or dealing in stocks, whether he was the issuer of such stocks and securities or not. Any member of the legislature who should read the caption of this act would be put upon notice that any one dealing in the securities mentioned in the act was liable to the penalties denounced therein for a violation of the act. If a word or term is used in the caption of an act indicating the purposes and scope of the same, this court would not be authorized to hold that the act contained matter different from the caption, if the term or word in the caption could be held to indicate the part of the act objected to by giving to the expression in the caption its widest legitimate signification. "The constitution does not require that the title of an act should contain a synopsis of the law but that the act should contain no matter variant from the title. If the title is descriptive generally of the purposes of the act, it is sufficient, and it is not necessary that it should particularize the several provisions contained in the body of the act." *Howell* v. *State, 71 Ga.* 224 (51 Am. R. 259). Thus it stands with the caption of the act of 1920. That act was amended by the act approved August 21, 1922 (Acts 1922, p. 156). But the act last referred to does not change the caption of the act of 1920. It is an act to more fully define, classify, and to regulate the securities dealt with, to revise fees, provide for license, to increase penalties, etc. The most serious difficulty we have to deal with in treating the objection to the act raised by this ground of demurrer grows out of this languge in the caption to the amending act: "to provide for the license of all dealers, *other than the issuers of such securities, and of their agents."* (Italics ours.) It might appear at first blush that the words in the caption, "other than the issuers of such securities," would exclude any provision in the act for the licensing of the issuers of securities; but inasmuch as the caption of the first act is broad enough, as I have concluded, to authorize legislation dealing with issuers of securities, and that caption was not changed by the amending act, the section making it penal for an issuer to sell or offer for sale any securities coming within class "D" was authorized. I am therefore of the opinion that this ground of demurrer was properly overruled.