McCAFFREY *v.* THE STATE.

No. 11671. FEBRUARY 11, 1937.

*Barrett & Nall,* for plaintiff in error.

*John S. McClelland, solicitor, John A. Boykin, solicitor-general,* and *J. W. LeCraw,* contra.

RUSSELL, Chief Justice. Leo McCaffrey was tried in the criminal court of Atlanta, upon an accusation charging him with selling "beer and alcoholic beverages within one hundred yards of the school ground of Lula L. Kingsbery School in the City of Atlanta, said State and county." Upon arraignment and before pleading not guilty, the defendant demurred and moved to quash the accusation, on the grounds (1) that it fails to set forth any offense under the laws of this State, (2) that it is insufficient in law, for that section 15B of the "malt-beverage act" (Ga. L. 1935, p. 73), under which the accusation purports to have been drawn, is unconstitutional and void in so far as it undertakes to prohibit the sale of "alcoholic beverage of any kind . . upon any school ground or college campus" or "within 100 yards of such ground or campus;" for that said act contains "matter different from what is expressed in the title" thereof, in violation of the constitution of this State (art. 3, sec. 7, par. 8), which provides that "No law or ordinance shall pass which refers to more than one subject-matter, or contains matter different from what is expressed in the title thereof," (a) in that there is nothing in the title to said act with reference to prohibiting the sale of alcoholic beverages of any kind on school ground or college campus or within 100 yards of such school ground or college campus, and (b) in that there is nothing in the title to said act with reference to alcoholic beverages of any kind other than malt beverages, whereas in section 15B said act undertakes to prohibit the sale of alcoholic

beverages of any kind, and therefore contains matter other than what is expressed in the title of the act; (3) that said accusation is insufficient in law, for that so much of the "malt-beverage act" as provides in section 15B that "no alcoholic beverages of any kind shall be sold upon any school ground or college campus nor within 100 yards of such ground or campus, and that "violation of this paragraph shall be a misdemeanor," is too uncertain, vague, and indefinite to be capable of penal enforcement, in that (a) said act fails to state what school or school grounds, college or college campus, are intended to be included, and (b) said act fails to state whether it intends to include school grounds or college campuses within a radius of 100 yards, within 100 yards by a street distance, within 100 yards by the nearest path of travel, or what is to be taken as a criterion for measuring said distance; (4) that said accusation is insufficient in law, for that section 15B of the "malt-beverage act," under which said accusation purports to have been drawn, is unconstitutional and void so far as said act undertakes to prohibit the sale of "alcoholic beverages of any kind . . upon any school ground or college campus" or "within 100 yards of such ground or campus," for that said act contains more than one subject-matter, in violation of the constitution of this State (art. 3, sec. 7, par. 8), which provides that no law or ordinance shall pass which refers to more than one subject-matter, or contains matter different from what is expressed in the title thereof, in that said act provides for license of businesses dealing in malt beverages, and in the same act undertakes to enact a penal statute prohibiting the sale of alcoholic beverages of any kind within 100 yards of school ground or college campus, presumably under the police power of the State; (5) and that said accusation is insufficient in law, for that it is too vague, uncertain, and indefinite to put the defendant on notice of what he is charged with, and the nature of the charge against which he is called upon to defend, in that it charges that he did sell "beer and alcoholic beverages" in the alternative, and therefore violates the constitution of the United States, art. 6, which provides that "In all criminal prosecutions the accused shall . . be informed of the nature and cause of the accusation." The trial judge overruled the demurrer and the motion to quash, and error is assigned. The jury found the defendant guilty, and he was sentenced. He filed his petition to

the superior court for the writ of certiorari, in which he alleged that the order overruling said demurrer and motion was error, and also set up that the verdict and sentence were erroneous, because the accusation did not charge him with the violation of any valid law, and that all proceedings subsequent to the overruling of his demurrer and motion were nugatory. The judge of the superior court overruled the certiorari, and the defendant excepted.

■ "No law or ordinance shall pass which refers to more than one subject-matter, or contains matter different from what is expressed in the title thereof." Code, § 2-1808. This constitutional provision is mandatory upon the legislature of this State, and not directory, and acts in violation thereof are void. *Prothro* v. *Orr*, 12 *Ga.* 36, 43; Code, § 2-402.

■ Not all alcoholic beverages are comprehended in the descriptive term "malt beverages." Consequently, where the body of an act provides that "no alcoholic beverage of any kind shall be sold upon any school ground or college campus, nor within 100 yards of such ground or campus," and that a "violation of this paragraph shall be a misdemeanor," and the title or caption is "an act to provide for license and excise taxes upon the business of dealing in malt beverages; to allocate funds from such taxes; to provide for the enforcement of this act; to repeal laws in conflict with this act; and to provide for the holding of an election to ratify or reject this act; and for other purposes" (Ga. L. 1935, pp. 73, 80), it contains matter different from what is expressed in its title. *McDuffie* v. *State*, 87 *Ga.* 687 (13 S. E. 596); *Elliott* v. *State*, 91 *Ga.* 694 (17 S. E. 1004); *Blankenship* v. *State*, 93 *Ga.* 814 (21 S. E. 130); *Harris* v. *State*, 110 *Ga.* 887 (36 S. E. 232); *Smith* v. *State*, 161 *Ga.* 103 (129 S. E. 766); *Crabb* v. *State*, 88 *Ga.* 584 (15 S. E. 455); *Dempsey* v. *State*, 94 *Ga.* 766, 768 (22 S. E. 57); *Sasser* v. *State*, 99 *Ga.* 54 (25 S. E. 619).

(a) The body of a penal statute, when broader in its terms than the title warrants, can not be so narrowed by construction as to make the statute good for what is embraced within the title, unless the result thus arrived at will correspond with the real legislative intention. Thus, where the title of an act embraces "malt beverages" only, and the body extends to "alcoholic beverages of any kind," and prohibits the sale thereof on any school ground or college campus or within 100 yards thereof, it can not be held that

the legislature intended to so prohibit the sale of only one kind, to wit malt beverages. *Elliott* v. *State,* supra.

(*b*)   While malt beverages may be alcoholic beverages, not any and every kind of alcoholic beverages are malt beverages. Malt beverages consist of beer, ale, porter, and the like, and do not include distilled alcoholic beverages or fermented juices from grapes, fruits, and berries. Wine and other fermented beverages are not malt beverages, and the manufacture thereof, for home consumption or for sale to any person legally engaged in the sale of alcoholic beverages in this State, is permitted as provided by the act of March 23, 1935. Ga. L. 1935, p. 492.

■   Section 15B of the malt-beverage act of 1935 is not "unconstitutional and void in that same is too uncertain, vague, and indefinite to be capable of penal enforcement, in that said act fails to state what schools or school grounds, college, or college campus, are intended to be included," and because it "fails to state whether it intends to include school grounds or college campuses within a radius of one hundred yards, within one hundred yards by a street distance, within one hundred yards by the nearest path of travel, or what is to be taken as a criterion for measuring said distance."

■   Section 58-601 of the Code, prohibiting the sale of "any spirituous, alcoholic, or malt liquors, in any quantities, within a radius of three miles of any church or public or private schoolhouse," was not intended to apply to incorporated towns or cities. The act of August 11, 1891, from which this section was taken, contained the proviso that the provisions thereof should "not apply to any incorporated town or city in this State." Ga. L. 1890-1, p. 132. This proviso is not in conflict with any subsequent statute or provision of the Code. It does not appear that it was the intention of the legislature by adopting the Code to repeal the above proviso. It was evidently omitted therefrom by mistake or oversight. If this Code section applied to incorporated towns or cities in this State, it is improbable that any beer could be legally sold or offered for sale in any incorporated town or city in Georgia. See *Georgia R. &c. Co.* v. *Wright,* 124 *Ga.* 596, 608 (53 S. E. 251) ; *City of Cochran* v. *Lanfair,* 139 *Ga.* 249, 258 (77 S. E. 95) ; 10 Cum. Dig. 522, 523.

■   The fact that section 15A of the malt-beverage act of 1935 has been held constitutional by this court (*Harbin* v. *Holcomb,*

181 *Ga.* 800, 184 S. E. 603) does not render section 15B thereof constitutional. Section 15A deals with the granting of a permit by a municipality to sell beer, giving to the city authorities discretionary powers relative to the granting or refusal of permits, and prohibits the sale thereof in a municipality without obtaining such permit.

■ Section 15B of the malt-beverage act of 1935 is not too vague, indefinite, and uncertain to put the defendant on notice of what he is charged with, and the nature of the charge against him, in accordance with the Federal constitution, art. 6, that "In all criminal prosecutions the accused shall . . be informed of the nature and cause of the accusation," for that said accusation charges the defendant with the sale of "beer and alcoholic beverages within one hundred yards of the school ground" of a named school in the City of Atlanta, Fulton County, Georgia.

It follows from the rulings given in paragraph 2, supra, that the trial judge erred in overruling the demurrer and motion of the defendant to quash the accusation in this case, and that the judge of the superior court erred in overruling the writ of certiorari.

*Judgment reversed. Hutcheson, J., dissents. The other Justices concur, except*

ATKINSON, J., who concurs only in the rulings stated in paragraphs 1, 2, 4, and 5.