

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

June 15, 1967

Hon. John Connally                Opinion No. M-90
Governor of Texas
Office, Capitol Bldg.             Re:  Constitutionality of
Austin, Texas                          Section 13-C of House
                                       Bill No. 786 amending
                                       Art. 2338-1, V.C.S.,
                                       relative to probation
Dear Governor Connally:                of a delinquent child.

        You have requested an opinion from this office as
to the constitutionality of H. B. 786 amending Chapter 204,
Acts of the 48th Legislature, 1943, as amended (Article
2338-1, V.C.S.), by adding sections relating to restitution
by delinquent children, parents, guardians and other persons
for damage to persons or property of others caused by acts
of such children, and imposing responsibility on persons having
custody of such children.

        Section 13-C. (a) of H. B. 786, provides, in part,
as follows:

            "Section 13-C. (a)  If the court finds that
        the child is a delinquent child and that any act
        on which the finding is based resulted in injury to
        the person or property of another, then the court,
        in the event it should place the child on proba-
        tion, as a condition of such probation may order
        the child to make restitution to the injured person
        up to the amount of the actual damages sustained as
        determined by the court, . . ."

        The pertinent portion of the caption of H.B. No. 786
reads as follows:

            "AN ACT relating to requiring a delinquent child,
        as a condition of probation, to make restitution for
        injury to person or property of another if the delinquent
        act was committed with the knowledge or neglect of the
        parent or guardian, . . ." (Emphasis added throughout.)

- 408 -

Section 35, Article III, of the Texas Constitution reads as follows:

"No bill, (except general appropriation bills, which may embrace the various subject and accounts, for and on account of which moneys are appropriated) shall contain more than one subject, which shall be expressed in its title. But, if any subject shall be embraced in an act, which shall not be expressed in the title, such act shall be void only as to so much thereof, as shall not be so expressed."

Comparing the above quoted portions of the body and caption of the Act, it is apparent that the body of the Act gives the court unconditional authority to require the delinquent child to make restitution for damages resulting from his delinquent act while the caption recites that the court may require restitution from the delinquent child only if the delinquent act was committed with the knowledge or neglect of the parent or guardian.

As a general rule, in order to comply with the provisions of Section 35 of Article III of the Texas Constitution a caption should not be either broader or narrower than the body of the act. Where the caption is more restrictive than the body of the act, the act is void insofar as its provisions are not expressed within the caption.

It is our opinion that the body of the Act /Section 13-C (a)7 relating to restitution by the delinquent child is broader than the caption and, therefore, contravenes Section 35 of Article III of the Texas Constitution. We are supported in this conclusion by Fort Worth & D. C. Ry. Co. v. Loyd, 132 S.W. 899 (Tex.Civ.App. 1910, error ref.). In that case the title of the act in question authorizes the recovery of attorney fees in certain cases where the claim asserted did not exceed $200, while the body of the act allowed recovery of attorney fees without regard to the amount of the claim. In holding the act void, the court stated at page 900:

"Clearly, the body of the act embraces claims not included in the title. If the body of the act had been so framed that such claims could be rejected from its operation without changing or adding to the language of the act, then, in accordance with constitutional provision quoted, the act would be held valid as applicable to claims not in excess of $200, and rejected when invoked in suits upon claims amounting to more than $200. But the act

Hon. John Connally, Page 3, Opinion No. (M-90)

refers to all claims of the character therein specified collectively and the same language, and to say that it shall apply only to claims not in excess of $200 would be to change or limit the ordinary meaning of the language employed. Such a construction is not permissible even under the liberal rule obtaining to the construction of statutes when assailed as being in contravention of the Constitution."

"In Sutherland on Statutory Construction, in section 87, the following is said: 'The title cannot be enlarged by construction when too narrow to cover all the provisions in the enacting part, nor can the purview be contracted by construction to fit the title; but the title, if delusively general, may be sufficient though more extensive than the purview.' The foregoing is in accord with the following statement of the law found in Am. & Eng. Encyc. Law, 596, which seems to be sustained by the authorities: 'Where the act contains a single provision which is broader than the title, the court cannot narrow and change the ordinary meaning of the words employed in the act so as to sustain it as to cases falling within the title.' See W. U. Tel. Co. v. State, 62 Tex. 630; Cooley's Constitutional Limitations (6th Ed.) 177, 211, 212; Elliot v. State, 91 Ga. 694, 17 S.E. 1004; Trade-Mark Cases, 100 U.S. 82, 25 L. Ed. 550; Sutherland on Stat. Const. §§ 169, 170, 173, and decisions there cited."

The remaining portions of Section 13-C are so connected with and depended upon the invalid portion of this section that they cannot stand alone and are meaningless even when considered in conjunction with existing provisions of Article 2338-1, which House Bill 786 amends. Ft. Worth & D. C. Ry. Co. v. Loyd, supra, 53 Tex. Jur. 2d 84.

S U M M A R Y

Since that portion of the caption of House Bill 786, amending Article 2338-1, V.C.S., which relates to restitution by delinquent children, parents or guardians is at variance with the body of the Act, it is unconstitutional as contravening the provisions of Section 35, Article III of the Texas Constitution.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by:
Monroe Clayton

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
W. V. Geppert, Co-Chairman
J. C. Davis
John Banks
W. O. Schultz
Harold Kennedy

A. J. CARUBBI, JR.
Staff Legal Assistant